Mr. Justice DANIEL
 

 delivered the opinion of the court.
 

 Upon a writ of error- to the Circuit Court of the -United States for the eastern district of Louisiana.
 

 This was an action instituted at law in the Circuit Court-for the eastern district in the state above mentioned, by petition, according to the modes of proceeding in the courts of that state, in the name of. the defendant in error, as endorsee and holder of a bill of exchange for $3795, against the plaintiff in error, as an endorser of that bill.
 

 The petition sets forth the facts following': That the petitioner is the holder and owner of the bill in question, which was drawn by one Thomas J. Green, at Warrenton, Mississippi, on the 3d of Feb
 
 *79
 
 ruary., 1837, directed to Briggs, Lacoste, & Co., at Natchez, payable, twelve months after date, to John Henderson & Co., by whom it was endorsed. That on the 8th day of February, 1837, this bill was protested for non-acceptance, and on'the 6th day of February, 1838,. was duly protested for non-payment in Hie city pf Natchez, and that John- Henderson & Co. were regularly notified óf said protests for non-acceptance and non-payment. That at the time at which thesaid.Jbill was so endorsed, the-pjaintiff in error was a member of the firm of John Henderson & Co., then doing business at Warrenton in Mississippi, and as a member of that firm is liable to the petitioner for the amount of the bill of exchange, with interest, costs, and damages. That the petitioner is a citizen and resident of the state of Kentucky, and the said William Henderson, a citizen and inhabitant of the parish of Carroll, in the state of Louisiana. Upon the aforegoing petition the plaintiff below prayed judgment, With his costs, &c.
 

 - The defendant below, in the first place, took an exception to the petition on the ground that he had not been served with a true copy thereof, according to law, nor had been legally cited to appear, and therefore prayed to be dismissed; secondly, he interposed what is there styled “the general denial,” corresponding with the general issue ; and thirdly, he averred specially, that he neither signed nor endorsed the said bill himself, nór in any way authorized die name, of (the: firm of John Henderson
 
 &
 
 Co. to be signed and endorsed on the same; that it was so signed and endorsed % one John Henderson without the. knowledge and consent of the defendant, and without any authority whatsoever; and that such endorsement was made neither for the benefit, nor for any debt or liability of the defendant, nor of the said firm; nor was it made within-'the scopé of the partnership powers, or .on account of the firm; but that without any due authority, and without the knowledge and consent of the defendant, the bill was signed and endorsed by said John Henderson purely for the benefit of the saidN’homas J. Green, the drawer, of all which the parties to the- said bill, and the holders thereof, before and after •the maturity thereof, had notice.
 

 . At a subsequent day the exception first taken for the alleged want of regular service of tire petition, was waived bjf the defendant, and the cause was continued; afterwards, upon the trial thereof,^ the defendant, in order to prove the allegations in hi? answer to the petition, offered in evidence , the deposition of John Henderson, who, at the time of. the drawing and endorsement of the bill of exchange sued on, was a copartner with the defendant in the firm, doing business under the name- and style of John Henderson & Co.: this evidence being designed to. show that John Henderson endorsed the partnership name upon the bill without authority, without the knowledge or consent of the defendant, and contrary to their articles of copartnership and to the course of their dealings; and that it was so
 
 *80
 
 .endorsed, in the presence
 
 of
 
 the plaintiff, purely for the accommodation of the drawer, Thomas J. Green, and not for the accommodation, nor on account of, nór in any manner for the benefit of the firm .of John Henderson & Co. The reception of this deposition was objected to on the ground that John Henderson, as'a member' of the firm ■ by whom and at the time the endorsement wras made, was incompetent to testify to facts tending to invalidate the bill; the court sustained this objection, and rejected the deposition of John Henderson. • To. the ruling of the coúrt on this .point the-defendant took an exception, which was reserved to him.
 

 The exception thus taken presents the whole controversy in this-case, which, controlled by principles heretofore ruled by this court, •would seem to be limited within a véry narrow compass. The inquiry how far a party'to a negotiable instrument maybe heard in a° court of law to impeaéh or invalidate that' instrument "in the hands of another, is one which, has led to considerable dispussion and-to different. conclusions in the courts both of England and in this country.In -tire case of Walton, assignee, &c.,
 
 v.
 
 Shelly, 1 T. R. 296, the'Court of King’s Bench decided, that a party to a negotiable paper, having given it value and currency by the sanction of his name, shall not afterwards-invalidate it by showing,'upon his own testimony, that the consideration on which it was executed was illegal-. Subsequently, by the same court, this rule was so far relaxed or abrogated as to permit the impeachment of such an instrument by persons standing in the same relation to it. Vide Jordaine
 
 v.
 
 Lashbrook,
 
 7
 
 T. R. 601. Amongst the different states of.our union the decisions' of tire -Court of King’s Bénch on either side of this question have been adopted. In this court' the . rule laid down in the case of Walton
 
 v.
 
 Shelly has been admitted and adhered to with a uniformity which establishes it as the law of the court. Thus, in the case of the Bank of the United States
 
 v.
 
 Dunn, 6 Peters, 51, it was enforced -in an action by the holder of a note against an endorser, in which an attempt was made to impeach the note upon the testimony of a subsequent endorser; in tire case of the Bank of the Metropolis
 
 v.
 
 Jones, 8 Peters, 12, in which the maker of a note was deemed -an incompetent witness, in an action by the holder, to testify to facts in discharge of the liability of the endorser; and in the case of Scott
 
 v.
 
 Lloyd, the decision of this court, though not directly, upon the samé point, may. be regarded as approving the rule established by the cases -previously adjudicated. The judgment of the Circuit Court for the éastern district of Louisiana now under review'being fully sustained by these authorities, that judgment is hereby affirmed.