E. S. Dismukes *et al. v.* J. P. Stokes.

1. High court of errors and appeals : jurisdiction.—By the constitution of the State of Mississippi, art. 4, § 4, the High Court of Errors

and Appeals has "such jurisdiction as properly belongs to a Court of Errors and Appeals." What properly belongs to a Court of Errors and Appeals depends on considerations of public policy, and for the most part is to be determined by the legislature, subject to such restrictions as are imposed by the constitution.

2. FORMS OF ACTION: REMEDIES: POWER OF LEGISLATURE, CHANGE, ETC.— The legislature has the power to prescribe the forms of action and the modes of proceeding in courts, and to limit the cases and the extent to which certain remedies may be pursued, except that where specific rights are guaranteed by the constitution, with a remedy indicated for their protection, the remedy is beyond the legislative power. *Servis* v. *Beatty*, 32 Miss. R.; *Briscoe* v. *Nuketell*, 28 ib. 371 ; *Coffman* v. *The Bank of Kentucky*. 40 ib.

3. APPEALS : WRITS OF ERROR : POWER OF LEGISLATURE TO REGULATE TO WHAT CASES APPLICABLE AND TO WHAT COURTS RETURNABLE.—The right to prosecute a writ of error, or an appeal in the High Court of Errors and Appeals or any other court, is a matter pertaining to the remedy, and the legislature has the power to prescribe in what cases and to what courts parties shall be entitled to an appeal or a writ of error.

4. APPEALS FROM BOARDS OF POLICE TO HIGH COURT OF ERRORS AND APPEALS.—The statute, Revised Code, 419, art. 33, prescribes that appeals may be taken from the boards of police to the Circuit Court, and that on such appeals the judgment of the Circuit Court shall be final ; in such cases, no appeal can be taken to the High Court of Errors and Appeals.

5. The case of the *County of Yallobusha* v. *Carbey*, 3 S. & M. 547, overruled, so far as it decides " that no law can be passed which would give ultimate jurisdiction of an appellate character to any other court than the High Court of Errors and Appeals."

APPEAL from the Circuit Court of Noxubee county. Hon. H. W. Foote, judge.

*Harrison & Crusoe* for appellants. No brief on file.

*J. J. Beauchamp, Jarnagin & Rises*, for appellee, contended :

1. That the statute which authorizes an appeal from the boards of police to the Circuit Court, declares "that the judgment of the Circuit Court shall be final. Code, 419, art. 33.

2. An appeal is a proceeding unknown to the common law, and cannot be extended beyond the plain and obvious import of the statute granting it. *Street* v. *Francis*, 3 Hammond, 277 ; 14 Mass. 420 ; 7 Pick. 321.

3. That this court cannot take jurisdiction by appeal or

writ of error unless expressly given by statute. *N Y. Central R. R. Company* v. *Marvin*, 1 Kernan's R. 276. In the matter of Canal and Water streets, 2 Kernan's R. 406 ; *Commonwealth* v. *Messenger*, 4 Mass. 465, 466 ; Rev. Code, 563, art 9.

4. That the case of the *County of Yallobusha* v. *Carbey*, 3 S. and M. 529, was decided under a very different statute from the one now in force. Hutch. Code, 712, §45–6.

HANDY, C. J., delivered the opinion of the court.

This case is submitted on the motion of the appellee to dismiss the appeal for want of jurisdiction.

The record shows that, in virtue of certain special acts of the legislature, the appellee filed a petition before the board of police of Noxubee county, against the appellants, praying that certain section lines of lands in which they were interested be opened; that the prayer was granted and said section lines were ordered to be opened. From that order, the present appellants prosecuted an appeal to the Circuit Court of Noxubee county, and on the hearing in that court, the order of the board of police was affirmed, and from that judgment of the Circuit Court the appellants have taken this appeal.

The ground of the motion to dismiss the appeal here is, that the statute makes the judgment of the Circuit Court in such cases final, and that this negatives the right of appeal. Rev. Code, 419, art. 33.

It is not contested by the appellants, that such is the positive provision of the statute. But it is insisted, on their behalf, that the right to prosecute an appeal or writ of error in this court, upon any judgment or decree by which any party is aggrieved, is a right to which he is entitled under the constitution which establishes this as the Court of Errors and Appeals of the State ; and that the act of the legislature denying this right is, to that extent, unconstitutional.

It is to be observed that the constitution merely confers upon this court, in very general terms, " such jurisdiction as properly belongs to a Court of Errors and Appeals." Art. 4, § 4. It does not attempt to define the limits of that jurisdiction, nor to prescribe the cases to which it extends, nor the mode or

circumstances in which it may be exercised. The object of the framers of the constitution was simply to establish an appellate tribunal, whose jurisdiction should be confined to such matters as properly belong to a Court of Errors and Appeals; and when we come to determine what matters "properly belong to a Court of Errors and Appeals," we find no light thrown on the subject by the provisions of the constitution in relation to the powers of this court, and have to refer for the solution of the question to other sources than these provisions of the constitution. The subject is one depending on general considerations of public policy, which, for the most part, must be determined by the legislature, subject to such restrictions on their general powers as are contained in the constitution. For this reason, by universal acquiescence, the power is conceded to the legislature to prescribe the forms of actions and the modes of proceeding in courts, and to limit the cases and the extent to which certain remedies may be pursued. The only exception to this power is where specific rights are secured to a party in the constitution, with a remedy indicated for their protection ; in which case the right and remedy thus guaranteed would be beyond the legislative power. But generally all these questions pertain to the remedy, and are subject to the power of the legislature.

The right to prosecute a writ of error or an appeal in this or any inferior court, is a matter pertaining to the mode of judicial procedure or the remedy. It is not guaranteed as a matter of right in the constitution ; and though it is possible that this court, by the light of judicial precedent in England and in other States of this Union, from whose jurisprudence our system is mostly derived, might, in the absence of legislative enactments on the subject, be disposed to favor the right when sanctioned by established precedent ; yet, when the legislature has passed laws regulating the mode of proceeding and limiting the cases and the courts in which the right may be exercised, the rules prescribed must be followed, because they are clearly such as the legislature had power to enact. Nothing appears to be more clearly within the legislative power over matters pertaining to public policy, than the question, in what

cases and to what courts shall a party be entitled to an appeal or a writ of error? In such cases the question to be settled is, whether or not it would best promote the purposes of justice, and the peace and quiet of the community, to allow a matter once or twice regularly adjudicated in the courts to be further litigated in other courts; and this question depends not upon matter of legal right, but upon considerations of public policy. It turns upon the grave question, at what point should litigation in particular cases cease, and what rule, in relation to the particular case, would best promote the public good? When the legislature determines this question and fixes the rule in any particular case, the question is thereby settled, whether or not the right to prosecute a writ of error or an appeal exists, and whether it comes within the "jurisdiction properly belonging to a Court of Errors and Appeals."

The general rule, therefore, clearly is, that the legislature has the power to deny the right of prosecuting a writ of error or an appeal in this court, in any particular case, and that a rule so enacted will be conclusive of the question of jurisdiction, unless it be in contravention of a positive right, with a clear indication of the remedy in the constitution. The denial of the right might, in our opinion, work a hardship to individuals, and be, on the whole, very inexpedient in its effect. Yet the power to establish the rule is within the province of the legislature, and it would not be our province to set aside their action.

The principles on which the above views are founded are sustained by numerous decisions of this court, among which we refer to *Servis* v. *Beatty*, 32 Miss.; *Briskoe* v. *Anketell*, 28 Miss. 371; *Coffmann* v. *The Bank of Kentucky*, not yet reported. And the doctrine appears to be generally sanctioned by the courts of this country, that a writ of error or appeal will not lie unless given by statute. Matter of Canal and Water streets, 12 New York Rep. 2 Kernan. 406; *Commonwealth* v. *Messenger*, 4 Mass. 466; 1 Kent's Com. 324 (8 edit.).

The cases of *Tims* v. *The State*, 26 Ala. 165, and *Ex parte Haughton*, 38 ib. 570, proceed upon the right positively granted in the constitution to prosecute an appeal, under such rules

and regulations as might be prescribed by the legislature. The statute under which the parties were charged made the conviction of the party before the justice in such cases final. And the court held the statute unconstitutional.

It is plain that these cases have no application to the question here presented; for the constitution here does not give the right of appeal, as was the case in Alabama.

But these cases are not in accordance with the principle held by the Supreme Court of the United States, with reference to the appellate jurisdiction conferred by the constitution on that court, " with such exceptions and under such regulations as Congress should make." And it was held that if Congress had not provided any rule to regulate the proceedings on appeal, the court could not exercise an appellate jurisdiction. *Wiscart* v. *Dauchy*, 3 Dall. 321; *Clark* v. *Basodone*, 1 Cranch. 212.

The observation made by this court in the case of *County of Yallobusha* v. *Carbey*, 3 S. & M. 547—that "no law can be passed which would give an ultimate jurisdiction of an appellate character to any other than to this court"—is also relied on. This remark is not in keeping with the principles that have always been held by this court, and we cannot sanction it as a sound rule.

It follows from these views that the motion must be sustained and the appeal dismissed.