## Catherine Eustis et al. v. Rebecca B. Holmes et al.

1. CHANCERY—APPEAL.—Where an appeal is granted by the chancellor in term time, under sections 1250 and 1251, Code 1871, it is necessary for him to approve the bond, and he cannot delegate this power to the clerk. Where the latter approves the bond the appeal is a nullity.

2. SAME.—In such case the party's right to appeal is not lost, but he can appeal at any time within the three years next after the rendition of the decree.

3. SAME.—Under the statute, when the clerk grants an appeal in vacation, he is the proper person to approve the bond.

4. SAME—DEFECTS—PRACTICE.—In all cases where the appeal proceeding is merely defective, and the record is properly filed, this court will supply a writ of error; but it will not do so on motion where the appeal is void, and the record is not properly in court, and where neither the clerk of the chancery court nor any judge of this court have been applied to for a writ of error.

APPEAL from the chancery court of Issaquena county. HILL, Chancellor.

This cause came on to be heard upon appellants' motion for a writ of error, and the motion of appellees to docket the record and dismiss the appeal. The opinion of the court fully states the grounds of each motion.

*J. Z. George* and *T. J. Wharton,* for appellants.

*F. Johnston,* for appellees.

PEYTON, C. J.:

On the 27th day of February, 1873, the chancery court of Issaquena county rendered a final decree in favor of Rebecca B. Holmes and others, against Catherine Eustis and others, for a certain sum of money. And at the same term of the court the said Catherine Eustis and others prayed for an appeal to the supreme court of this state, which was granted by the court upon their entering into bond in the sum of $300, conditioned according to law, to be approved by the clerk of the court. All which was accordingly done.

The transcript of the record in this case was made out and certified by the clerk of said court on the 25th day of April, 1873, which the appellees moved this court on the 2d day of May, 1873, to docket and dismiss on the ground that the appellants have failed to file the record within the proper time. And on the 10th day of May, 1873, the appellants moved the court for a writ of error upon the ground that the appeal is void.

The appellees' motion to docket and dismiss this case

is resisted by the appellants on the ground that the appeal, which was granted by the court in term time, was never perfected in accordance with the requirments of the law.

In the Code of 1871, it is provided in section 1250, that applications for appeals shall be made by petition to the clerk in vacation, or to the chancellor in term time. And the following section, 1251, requires, that before an appeal shall be granted, the person applying shall give bond and security, to be approved by the chancellor or clerk, as the case may be, under the preceding section, to wit: If the application for an appeal be made to the chancellor in term time, the bond must be approved by the chancellor. But if the application for an appeal be made to the clerk in vacation, the bond must be approved by the clerk, in all cases of an appeal from final decree. And the petition contemplated by the statute must be in writing. A petition is defined to be "an instrument of writing or printing, containing a prayer from the person presenting it, called the petitioner, to the body or person to whom it is presented, for the redress of some wrong, or the grant of some favor which the latter has a right to give." 2 Bouv. L. D. 328.

The record in this case shows that the appeal bond was approved by the clerk of said chancery court, and unless the chancellor can delegate that power, and this we think he cannot do, it necessarily follows that the bond is a nullity. Picket v. Picket, 1 How. 267. And a bond approved by the chancellor being necessary in this case, before the appeal can properly and legally be granted, the appeal is void. Porter v. Gresham, 3 How. 75; Hardaway v. Biles, 1 S. & M. 651. And the appellants have a right to appeal to this court at any time within three years next after the rendition of said decree, and that time not having expired, the motion to docket and dismiss this case must be overruled.

With regard to the appellants' motion for the issuance of a writ of error here, we have to remark that there is no record in the case properly in this court. There are only three modes provided by law by which an appeal from a final decree of a chancery court can be obtained to this court—one obtained by the grant of the court in term time, and another by petition to the clerk of the court in which such decree is rendered in vacation, and the third by application to a judge of this court. The appeal under the grant of the court in term time being void, as we have seen, for want of a compliance with the law, and the clerk of the court not having been applied to by petition in vacation for an appeal, as required by section 410 of the Code of 1871, and no application having been properly made to any judge of this court, it follows that there is no record legally and properly here to which a writ of error can be supplied by the practice of the court, or under the 24th rule of this court.

As we have before stated, section 1250 of the Code of 1871 requires that applications for appeals shall be made by petition; and this being a pre-requisite, it follows that no appeal can be had without it, from a final decree. The clerk has no right to make out a transcript of the record and send it to this court until the petition for the appeal is filed in his office. This alone gives him authority to make out the record and transmit it to this court for revision.

The appeal upon which the record came here being void, and no application having been made to the clerk for an appeal, we must regard the record as being improperly here; and it is not therefore a case in which a writ of error can be supplied by the order of this court.

Cases in which, by the rules and practice of this court, writs of error are supplied here, are such as are defective in not including all the names of the parties; or, where the clerk has been legally applied to by peti-

tion for an appeal or writ of error, where the law requires him to make out a transcript of the record and send it to this court, and he has inadvertently omitted to issue a writ of error. In all such cases, where the record is properly here, this court will cause the writ to be supplied.

In this case the appellants can prosecute their appeal at any time within the period prescribed by the statute of limitations.

The motion of the appellants is overruled.