N. MERRILL et al. vs. D. F. HUNT et al; G. F. SWAN vs.
A. ASKEN, Adm'r, et al.

1. CHANCERY PRACTICE: *Appeal. Jurisdiction.*
Where an appeal is prayed from a decree of the chancery court, for review, the
appeal is incomplete until the bond required by the statute has been executed,
and this court will not take cognizance of the appeal thus imperfect, and a
motion to docket and dismiss the case will be overruled. There having been
no appeal taken, in contemplation of the statute, the chancery court still has
jurisdiction of the case. Where the appeal is void or inoperative for want of
conformity of the bond to the statute, or for lack of a bond altogether, it does
not bar a writ of error or appeal, if in such case the law permits either
remedy. But if the appeal has been perfected, and dismissed for want of
prosecution, according to the rules of practice of this court it bars a subse-
quent appeal or writ of error.

APPEAL from the Chancery Court of *Washington* County.
Hon. E. STAFFORD, Chancellor.

The point raised in these two cases is upon a motion to
docket and dismiss the cases upon the grounds stated in the
following motion :

"And now comes the appellees by their solicitor and moves
the court to docket this cause and dismiss the appeal taken
from the decree of the chancery court of Washington county,
overruling the demurrer filed by appellants to the bill of the
appellees in said chancery court, for want of prosecution."

*T. J. Wharton*, for motion.
*J. D. Freeman*, contra.

SIMRALL, C. J., delivered the opinion of the court.

These cases were submitted on motions to docket and dis-
miss the appeals. Demurrers to the respective bills were filed by
the defendants, which were overruled. Appeals were prayed,
which were granted by the court upon the parties executing
the bonds respectively required by the statute. The bonds
were not executed. It was stated by the counsel for the mo-
tions, at the argument, that the chancellors of the respective
courts in which these suits were pending regarded the prayer
for, and granting, the appeal, as having the effect of withdrawing

the case from his court and transferring it to the supreme court, and each of them declined to entertain further cognizance, but altogether suspended proceedings until the appeals respectively had been disposed of by this court.

The motion to docket and dismiss applies when an appeal has been perfected, so that the jurisdiction of the original court has been stayed or suspended, and the appellant has failed to file in this court the transcript, as required by its rules and practice.

The dismissal follows as a matter of right, because of the laches and negligence of the appellant. It is necessary, in order to restore the case to the inferior court for its further action and disposition. Has the chancery court lost jurisdiction, and has this court acquired it, by a prayer of appeal and granting it, unless the statutory bond has been given? That question is answered in the negative in Hardaway & Boykin v. Biles, 1 S. & M., 658. The court say: "The giving of the bond, with surety, has been regarded in the light of a condition precedent, without complying with which, the appellate court could not take jurisdiction." There the bond was defective, inasmuch as it was executed by third persons, and not by the appellant, as required by law. The case was dismissed. The court referred to Porter v. Gresham, 3 How., 75. There the case was stricken from the docket, because "the court did not approve the bond." In Harper v. Archer, 4 S. & M., 108, the appeal was from the probate court; the bond was payable to the parties, instead of the probate judge, as required by the then existing law. The case was stricken from docket—that "being all that could be done," as "in such case the jurisdiction did not attach." Such is also the case of Alexander v. Smith, Ex'r, 4 S. & M., 259. The entire subject of appeals, whether from interlocutory orders or final decrees, is regulated by statute.

The uniform enunciation of the appellate court has been that, in order that a party may have the appellate jurisdiction, he must substantially conform to the statute. In the earliest

case, Pickett *v.* Pickett, 1 How., 269, it was said: "The appeal could have no effective operation or validity until bond given, which formed a substantial part of the appeal.

In the latest case, Eustis *v.* Holmes, 48 Miss., 36, it is repeated, in effect, that if the bond does not meet the essential demands of the law, although one has been made, "the appeal has not properly and legally been granted, and is void." *A fortiori,* is the appeal void if no sort of bond has been made. Where the appeal is void or inoperative for want of conformity of the bond to the statute, or for lack of a bond altogether, it does not bar a writ of error or appeal, if in such case the law permits either remedy. Bull *v.* Harrall, 7 How., 10 ; Eustis *v.* Holmes, 48 Miss., 37. But if the appeal has been perfected, and is dismissed for want of prosecution, according to the rules and practice of the court it bars a subsequent appeal or writ of error.

It follows, from the principles established in the cases, that neither of the appellants took or acquired an "operative and effective appeal." To constitute an appeal, the bond is essential ; without it the aggrieved party has not acquired a right to bring his case before this court for review. If these cases were upon our docket, all that we could do would be to dismiss for want of jurisdiction. The appeals were not perfected, and there are no cases subject to our cognizance to be dismissed. Notwithstanding the abortive steps taken towards perfecting the appeals, enough was not done to make them effective. The right of the respective chancery courts to proceed in the further adjudication of the causes has not been legally suspended or interrupted. Those courts can now proceed to hear and determine them as though no appeal had been prayed.

The motion to docket and dismiss will therefore be denied. We have thought it proper to say thus much on the subject, in order to correct what seems to be a misapprehension in some of the chancery courts as to what constitutes an appeal from an interlocutory, or final, decree.

Motion overruled.