## W. C. BRIDGES ET AL. *v.* BOARD OF SUPERVISORS OF CLAY COUNTY.

1. APPEAL. *Not matter of right. Regulated by statute.*
   Appeals are not matters of right, but are allowable only in the cases and on the terms prescribed by the statute, which are conditions precedent that must be complied with in order to give the appellate court jurisdiction.

2. BOARD OF SUPERVISORS. *Circuit Court. Practice on appeal.*
   On appeal to the Circuit Court from a decision of the board of supervisors, under Code 1871, § 1383, the judge must try the case on the bill of exceptions signed by the president of the board, and can render no judgment but that of affirmance or reversal.

3. SAME. *Appeal. Trial and judgment. No jurisdiction by consent.*
   The board of supervisors has no power to consent to any other mode of trial, or to give the Circuit Court jurisdiction to render a judgment

not authorized by the statute. *Yalobusha County* v. *Carbry*, 3 S. & M. 529, distinguished.

4. County. *Public money. Donation. Jurisdiction.*

The judgment of any court ordering a donation to be made out of the public treasury is void. Claims against a county cannot be adjudicated on motives of generosity.

5. Same. *Res adjudicata. Estoppel by judgment.*

Parties to the record, in such case, which discloses no valid demand, are not concluded by an adverse judgment therein, from prosecuting any legal claim against the county.

Error to the Circuit Court of Clay County.

Hon. James M. Arnold, Judge.

*Barry & Beckett*, for the plaintiffs in error.

The appeal and agreement in this case are in acccordance with the proceedings which were held valid in *Yalobusha County* v. *Carbry*, 3 S. & M. 529. The power of the board of supervisors to bind the county as to the mode of trial on appeal by agreement is fully recognized in that case. The provision in Code 1871, § 1383, that the case "shall" be tried on the bill of exceptions is not mandatory, but directory only. *Cason* v. *Cason*, 31 Miss. 578; *Malcom* v. *Rogers*, 5 Cowen, 188. If the statute is mandatory, the only proper judgment was of affirmance, not of dismissal.

*White & Bradshaw*, for the defendants in error.

The Circuit Court had no jurisdiction to try the case by jury *de novo*, and the agreement could not confer jurisdiction. Code 1871, § 1383; *Lyles* v. *Barnes*, 40 Miss. 608; *Lester* v. *Harris*, 41 Miss. 668. If a jury trial was desired, the proceeding should have been under § 1384. The case of *Yalobusha County* v. *Carbry*, 3 S. & M. 529, which arose under a different statute, is no authority for the construction for which opposing counsel contend, and it has been partially overruled by *Dismukes* v. *Stokes*, 41 Miss. 430. The dismissal was proper, because, no bill of exceptions having been signed, the Circuit Court had no jurisdiction of the attempted appeal.

George, C. J., delivered the opinion of the court.

This record presents the following state of facts: Certain citizens and tax-payers of Clay County presented their petition to the board of supervisors, asking for an additional allowance

of six hundred and fifty dollars to the plaintiffs in error, over
and above their contract price for building certain bridges. The
ground upon which the allowance is asked is that the contract-
ors are young and inexperienced, and incautiously became the
lowest bidders for the work at a sum much less than its value.
The board very properly refused the petition, as it was mani-
festly an application for a bounty out of the county treasury,
which the board had no lawful authority to grant. Thereupon
the contractors asked for an appeal to the Circuit Court; which
appeal was granted; and, by the consent of the board and the
appellants, a bill of exceptions was waived; and the further
agreement was entered into that the petition should be tried in
the Circuit Court *de novo*, and upon evidence to be introduced
in that court by both parties. In the Circuit Court, the board
moved, first, to affirm their judgment, which being overruled,
they then moved to dismiss the appeal for want of jurisdiction;
which motion was sustained, and the appellants excepted, and
sued out this writ of error.

The statute which authorizes appeals from boards of super-
visors to the Circuit Court (Code 1771, § 1383) provides that
any person aggrieved by any judgment or decision of the board
may appeal to the next term of the Circuit Court, and may em-
body the facts and evidence in a bill of exceptions, which shall
be signed by the president of the board; and it shall be the
duty of the board to grant the appeal when demanded; and
the clerk shall transmit the proceedings to the Circuit Court,
which shall hear and determine the same on the case presented
by the bill of exceptions, as an appellate court, and shall affirm
or reverse the judgment. It has been settled from an early
day in this State that appeals are not a matter of right, and are
allowable only in cases provided for by statute; and then
only on the terms prescribed by the statute; that these terms
must be strictly complied with, and are conditions precedent
to the jurisdiction of the appellate court. *Parker* v. *Willis*,
27 Miss. 766; *Hardaway* v. *Biles*, 1 S. & M. 657; *Porter* v.
*Grisham*, 3 How. 75; *Carmichael* v. *Trustees*, 3 How. 84;
*Pickett* v. *Pickett*, 1 How. 267.

It is true that in *Yalobusha County* v. *Carbry*, 3 S. & M.
529, 546, under a statute which allowed appeals by " bills of

exceptions or *certiorari*," the High Court of Errors and Appeals sustained an appeal where a bill of exceptions was waived; but this was upon the express ground that when a cause was removed into the Circuit Court by *certiorari* a trial was had *de novo*, and the cause proceeded with as if it had been first instituted in that court. See pp. 548, 549. Although that rule is not recognized now in this court, yet it is seen that the High Court, in allowing the validity of the appeal in that case, was careful not to give it an effect which the court did not deem could be secured by another mode equally allowed by the statute. Under our present Code, as we have seen, the provision is express that the trial in the Circuit Court shall be before the judge, and upon the case made by the bill of exceptions, and that the only judgment which can be rendered is either of affirmance or reversal. It is not in the power of the board of supervisors to consent to any other mode of trial, or to give to the Circuit Court a jurisdiction to render a judgment not authorized by the statute.

But, even if this power existed, the Circuit Court rightly dismissed the appeal. The claim, on its face, was an application to the board of supervisors to make a donation to the contractors. The board had no power to appropriate the money of the county in that way; and, if it had done so, each member voting for it would, under the statute, have been liable on his bond for the amount. Acts 1876, p. 46; Acts 1877, p. 16. The Circuit Court was equally powerless to make such an appropriation, and its judgment ordering it, if the nature of the claim appeared by the record, would have been a nullity. Certainly, no additional validity would have been given to it by submitting the claim to a jury. Fortunately, there is no provision in our laws by which any court is authorized to determine that a donation shall be made out of the public treasury. Courts may enforce the legal or equitable rights of parties, but they are without jurisdiction to adjudicate and enforce claims which rest solely in motives of generosity. If the plaintiffs in error have any just legal claim against the county, it is not disclosed by this record, and they are therefore not concluded by the judgment here from prosecuting it in any court of competent jurisdiction.          *Judgment affirmed.*