## WORLEY *v.* PAPPAS.

(Division B.   June 8, 1931.   Suggestion of Error Overruled July 3, 1931.)

[135 So. 348.   No. 29450.]

For former memorandum opinion, see 134 So. 159.

**Knox Lamb**, of Greenwood, for appellant.

**Griffith, J.,** delivered the opinion of the court.

On a former day the appeal in this case was dismissed under the concluding proviso of section 705, Code 1930. 134 So. 159. Appellant now contends that the right of appeal was preserved in this case by section 4, Code 1930, which provides that ''The repeal of any statutory provisions by this code shall not affect . . . any right accruing or accrued . . . or any suit or proceeding had or commenced in any civil case . . . previous to the time when such repeal shall take place; but the proceedings in every such case shall be conformed, as far as practicable, to the provisions of this code.'' It was the purpose of section 4, aforesaid to preserve all accruing or accrued rights together with any suit theretofore commenced in any civil case to enforce those rights; but ''it has been settled from an early day in this state that appeals are not a matter of right, and are allowable only in cases provided for by statute.'' Bridges v. Board of Supervisors of Clay County, 57 Miss. 252, 254. When the final judgment was rendered in the circuit court in this case the suit had been fully heard and was at an end. The words ''suit or proceeding,'' although comprehensive in their import do not, in a statute such as said section 4, extend to or include appeals; see 7 Words and Phrases, First Series, p. 6770, except perhaps when the appeal is pending, which is not the case here, 4 Words and Phrases (Second Series), p. 776. See, also, 1 C. J., p. 949.

Appellant contends further that said proviso of section 705, Code 1930, is in violation of the equal protection clause of the Fourteenth Amendment of the Federal Constitution, because the said proviso allows a plaintiff, having a demand of less than two hundred dollars, to de-

prive a defendant of the right of final appeal to the Supreme Court by the option of instituting the suit in the justice court, whereas exactly the same suit between the same parties, if instituted originally in the county court, would permit an appeal to the Supreme Court. With more reason it could be argued that this section of the statute as it stood before the amendment carried by section 705, Code 1930, was violative of equality, because under the former section the plaintiff under the option to institute the action in the justice court would thereby set in motion a series of four hearings to which the defendant would be entitled, whereas if instituted in the county court there would be three, thus by the latter option depriving the defendant of the benefit of one of the additional hearings which he could have had under the first option. And with equal reason it could be argued that a statute which confers concurrent jurisdiction upon the circuit and chancery courts is in violation of constitutional equality because thereby it would make it optional with the complainant to choose the chancery forum, and thus deprive the defendant of the right of trial by jury.

The Fourteenth Amendment to the Federal Constitution protects against arbitrary and wholly unreasonable discriminations; but to the contrary of any such a result under the said proviso of section 705, the said proviso is based upon sound and practical reason and, in fact, upon the foundation of equality in that through its operation, under either option, three hearings are provided, not an unequal or an excessive number of hearings as existed before the said proviso was included in the statute.

Motion overruled.