# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2004-CA-00078-SCT

*JULIE ROSSON*

*v.*

*DR. MARK McFARLAND*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/30/2003 |
| TRIAL JUDGE: | HON. STEPHEN B. SIMPSON |
| COURT FROM WHICH APPEALED: | HANCOCK COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | JOE SAM OWEN |
| | SAM STARNES THOMAS |
| ATTORNEY FOR APPELLEE: | S. CHRISTOPHER FARRIS |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | ON BOTH DIRECT APPEAL AND CROSS-APPEAL: DISMISSED - 05/18/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SMITH, C.J., CARLSON AND RANDOLPH, JJ.**

**RANDOLPH, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

¶1.    On July 12, 1999, Dr. Mark McFarland ("McFarland") filed a Complaint in the Circuit Court of Hancock County against Acadian Bay Development, Inc. ("Acadian Bay") and Julie Rosson, individually ("Rosson"). McFarland pleaded Acadian Bay and Rosson breached their contractual obligations and negligently failed to construct his home in a fit and workmanlike manner. McFarland further alleged Acadian Bay and Rosson made false statements to induce McFarland to enter into the contract to build his home.

¶2. McFarland received the plans for building his home through Southern Living magazine. On December 8, 2000, an Amended Complaint was filed adding Time Warner, Inc., which was alleged to be the parent company of Southern Living, Inc. ("Southern Living"). On October 10, 2002, a second Amended Complaint was filed naming Southern Living and Julie Rosson Builder, Inc., in addition to defendants Acadian Bay and Rosson, individually.[1] McFarland claimed the named defendants were guilty of negligence in the omission of material facts and matters, breach of contract and fraud.

¶3. A trial was conducted in the Circuit Court of Hancock County. During trial, Southern Living settled for $100,000. At the end of McFarland's case-in-chief, the remaining three defendants moved for a directed verdict, which was denied by the trial judge. At the close of the case, the defendants' renewed motion for directed verdict was denied.

¶4. On September 27, 2003, the jury returned a verdict against Rosson, individually, for $325,000. Rosson was given credit for the Southern Living settlement amount by agreement. On September 30, 2003, a judgment was entered against Rosson, individually, for $225,000.

¶5. The Order styled Final Judgment, however, neither referenced the remaining defendants, Acadian Bay and Julie Rosson Builder, Inc., nor was the judgment entered by the trial court certified as final under M.R.C.P. 54(b). *See M.W.F. v. D.D.F.,* (No. 2003-CT-02642-SCT, decided April 20, 2006; mandate issued May 11, 2006); *Salts v. Gulf Nat'l Life*

---

[1] In his Motion to Amend Complaint, McFarland did not seek to dismiss Time Warner as a defendant. However, Time Warner was not named as a defendant on the Second Amended Complaint and does not appear further in these proceedings.

***Ins. Co.,*** 849 So.2d 848, 850-51 (Miss. 2002); ***Gilchrist v. Veach,*** 754 So.2d 1172, 1173-74 (Miss. 2000); ***Owens v. Nasco Int'l, Inc.,*** 744 So.2d 772, 774 (Miss. 1999); ***Williams v. Delta Reg'l Med. Ctr.,*** 740 So.2d 284, 285 (Miss. 1999). Only Rosson appealed, and McFarland cross-appealed only as to Rosson.[2] This anomaly was not discovered until this Court, in seeking just resolution and proper disposition of all issues appealed, realized that in the absence of all parties, it could not adjudicate all claims or the rights and liabilities of all parties to these proceedings. Accordingly this Court, sua sponte, finds it lacks jurisdiction.

¶6. "This Court's jurisdiction is expressly set forth in [Miss. Code Ann.] Section 11-51-3 as proper only from a 'final judgment.' As noted in ***Bradley v. Holmes,*** 242 Miss. 247, 134 So.2d 494 (1961), an appeal is not a matter of right but is subject to the statutory provisions, and the basic requirement is that appeals are proper only if from a final judgment. *See also* ***Perkins v. Thompson,*** 127 Miss. 864, 90 So. 710 (1922)." ***Banks v. City Fin. Co.,*** 825 So.2d 642, 644-45 (Miss. 2002).

CONCLUSION

¶7. The appeal, cross-appeal and petition are dismissed for lack of jurisdiction.

¶8. **ON BOTH DIRECT APPEAL AND CROSS-APPEAL: DISMISSED.**

**SMITH, C.J., WALLER AND COBB, P.JJ., CARLSON AND DICKINSON, JJ., CONCUR. GRAVES, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE**

---

[2] Subsequent to oral argument, Rosson filed a Petition to Supplement the Record, and a Response was filed by McFarland.

**WRITTEN OPINION. EASLEY, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION. DIAZ, J., NOT PARTICIPATING.**