WALLER, Chief Justice,
concurring in part and in result:
¶ 33. By striking down the three-court rule as a violation of separation of powers, the majority asserts that this Court — not the Legislature — dictates the right to ap *542 peal. According to the majority, this Court has the power to determine its own jurisdiction. I believe that such a concept is foreign to our Constitution and to our laws.
¶ 34. Though I agree that Jones’s conviction and sentence should be affirmed, I strongly disagree with the majority’s treatment of Section 11-51-81 of the Mississippi Code, also known as the three-court rule. Miss.Code Ann. § 11-51-81 (Rev. 2002). First of all, we should not address the constitutionality of the three-court rule because that issue was not raised before the circuit court, the Court of Appeals, or in Jones’s petition for writ of certiorari to this Court. But if we must address the issue, I find the rule to be constitutional. The three-court rule does not violate the separation-of-powers doctrine because the Legislature determines the right to appeal and sets, along with our Constitution, this Court’s appellate jurisdiction. Furthermore, the equal-protection argument was laid to rest long ago by this Court and by the Supreme Court of the United States. Worley v. Pappas, 161 Miss. 330, 135 So. 348 (1931); see Missouri v. Lewis, 101 U.S. 22, 11 Otto 22, 25 L.Ed. 989 (1879).
¶ 35. Even if the three-court rule arguably does violate the separation-of-powers doctrine, I believe that this Court should adopt the rule as its own, considering that the rule does not violate any constitutional rights and because of our longstanding recognition and application of the rule.
¶ 36. For these reasons, which are elaborated further below, I respectfully concur in part and in result.
DISCUSSION
I. Because the constitutionality of the three-court rule was not challenged at trial or on appeal, we should not address the issue.
¶ 37. The constitutionality of the three-court rule was not raised in Jones’s petition for writ of certiorari. The Court, instead, asked for supplemental briefing on that particular issue when it granted Jones’s petition.
¶ 38. As a principle of sound judicial administration, we generally do not consider issues that were not first presented to and decided by the trial court. E.g., Educ. Placement Servs. v. Wilson, 487 So.2d 1316, 1320 (Miss.1986); Luther T. Munford, Mississippi Appellate Practice § 3.7, 3-24 (2006) (citing Wilson, 487 So.2d at 1320). Challenges to the constitutionality of a statute, in particular, are not considered unless specifically pleaded. E.g., State ex rel. Carr v. Cabana Terrace, Inc., 247 Miss. 26, 37, 153 So.2d 257, 260 (Miss.1963) (citing Pacific States Box and Basket Co. v. White, 296 U.S. 176, 56 S.Ct. 159, 80 L.Ed. 138 (1935)).
¶ 39. I do not contest this Court’s right to ask parties to file supplemental briefing on an issue. Miss. R.App. P. 28(a)(3). I believe we have the authority to do so even as to issues that were not raised at trial or on appeal. But we should use care and the utmost restraint in doing so to refrain from becoming “the originators instead of the settlers of litigious disputes.” See V.A. Griffith, C.J., Mississippi Chancery Practice § 564 (2d ed.1950). I fail to see the urgent need for us, at our own insistence, to address the constitutionality of a statute that, in my judgment, poses no threat to the fabric of our judicial system and for which no wrong was asserted on appeal. I believe it would have been better to have simply addressed the issues raised before us and left the constitutionality of the three-court rule for a case where that issue is assigned as error on appeal.
¶ 40. Though I disagree with the Court’s decision to raise and request supplemental briefing on the constitutionality *543 of the three-court rule, that decision stands. As a result, I am compelled to express why I believe that the three-court rule is, in fact, constitutional.
II. Because the Legislature prescribes whether or not a right of appeal exists and defines, alongside our Constitution, this Court’s appellate jurisdiction, the three-court rule does not violate the separation-of-powers doctrine.
¶ 41. In considering the constitutionality of the three-court rule, we should bear in mind that legislative enactments carry a strong presumption of constitutionality. E.g., Estate of McCullough v. Yates, 32 So.3d 403, 412 (Miss.2010) (citations omitted). Statutes must be proven beyond a reasonable doubt to be unconstitutional. Id. Any doubt must be resolved in favor of upholding the validity of the statute. Id. (citing Univ. of Miss. Med. Ctr. v. Robinson, 876 So.2d 337, 339-340 (Miss.2004)).
¶ 42. The three-court rule is a statutory directive that governs the right to appeal from circuit court to this Court in any case that (1) originated in justice, municipal, or police court, and (2) was appealed previously to county court. Miss.Code Ann. § 11-51-81 (Rev.2002). It allows an appeal in such instances only where the case involves a constitutional question. Miss. Code Ann. § 11-51-81 (Rev.2002). By this statute, the Legislature is prescribing when a right of appeal exists and limiting this Court’s jurisdiction, both of which it may do.
¶43. The right of appeal is purely a creature of statute. E.g., Abney v. U.S., 431 U.S. 651, 656, 97 S.Ct. 2034, 2038, 52 L.Ed.2d 651 (1977). Our longstanding, well-established caselaw supports that a party has no right to appeal unless the Legislature gives such right by statute. Marshall v. State, 662 So.2d 566, 568-71 (Miss.1995) (stating that the “Legislature has plenary power over appeals where the Mississippi Constitution has not limited this power,” and pointing out that the right to appeal is subject to legislative change); Bickham v. Dep’t of Mental Health, 592 So.2d 96, 97 (Miss.1991) (stating that “[a] right of appeal is statutory”) (citing Jones v. Barnes, 463 U.S. 745, 751, 103 S.Ct. 3308, 3312-13, 77 L.Ed.2d 987, 993 (1983)); Gill v. Miss. Dep’t of Wildlife Conservation, 574 So.2d 586, 590 (Miss.1990) (recognizing that “a party has no right of appeal, except insofar as it has been given by law”); Fleming v. State, 553 So.2d 505, 506 (Miss.1989) (stating that “[a]n appeal is a matter of statutory right and not based on any inherent common law or constitutional right”) (citing Jones, 463 U.S. at 751, 103 S.Ct. 3308); Sanford v. Bd. of Supervisors, Covington County, 421 So.2d 488, 490-91 (Miss.1982) (noting that “an appeal is not a matter of right but is subject to the statutory provisions”) (citing Bradley v. Holmes, 242 Miss. 247, 134 So.2d 494 (1961)); Miller Transporters Ltd. v. Johnson, 252 Miss. 244, 249, 172 So.2d 542, 544 (1965) (asserting that “[t]he right to appeal is a statutory privilege, granted and defined by the legislature”); McMahon v. Milam Mfg. Co., 237 Miss. 676, 679, 115 So.2d 328, 330 (1959) (stating that “[a]p-peals are regulated by statute, and only lie in cases provided by statute”) (citations omitted); State ex rel. Patterson v. Autry, 236 Miss. 316, 320, 110 So.2d 377, 378 (Miss.1959) (stating that a right to appeal must be supplied by statute) (citations omitted), overruled on other grounds; J.R. Watkins Co. v. Guess, 196 Miss. 438, 17 So.2d 795, 796 (1944) (noting that “[t]he requirements for appeals are purely statutory”) (citation omitted), overruled in part on other grounds; Jackson v. Gordon, 194 Miss. 268, 273, 11 So.2d 901, 902 (1943) (pointing out that “[ajppeals are not mat *544 ters of right, and are allowable only in eases provided by statute”); Craig v. Barber Bros. Contracting Co., 190 Miss. 182, 187, 199 So. 270, 272 (1941) (stating that “[i]n this state, appeals are regulated by statute and only allowed in eases provided by statute”) (citations omitted); State v. Poplarville Sawmill Co., 119 Miss. 432, 441, 81 So. 124, 127 (1919) (stating that “[a]ppeals are regulated by statute, and only lie in cases provided by statute”) overruled in part on other grounds; Bridges v. Bd. of Supervisors of Clay County, 57 Miss. 252, 254 (1879) (stating that “[i]t has been settled from an early day in this State that appeals are not a matter of right, and are allowable only in cases provided for by statute”) (citations omitted); see also Rosson v. McFarland, 933 So.2d 969, 971 (Miss.2006) (stating that “an appeal is not a matter of right but is subject to ... statutory provisions”) (citing Bradley, 242 Miss. 247, 134 So.2d 494); Wolfe v. City of D’Iberville, 799 So.2d 142, 150 (Miss.Ct.App.2001) (Southwick, P.J., concurring) (explaining that “whether there is a right to move beyond the initial court to a higher level, i.e., whether there is a right to appeal, has traditionally been held to be a matter solely of legislative discretion”) (citing Gill, 574 So.2d at 590).
¶ 44. The three-court rule is nothing more than the Legislature exercising its authority to define the right of appeal in certain categories of cases. To suggest that this power belongs to us is to insinuate that we are the arbiters of our own appellate jurisdiction. Our Constitution makes clear that this is not the case.
¶ 45. Mississippi’s Constitution vests itself and the Legislature with the authority to establish this Court’s appellate jurisdiction. Section 146 of the Mississippi Constitution states that this Court “shall have such jurisdiction as properly belongs to a court of appeals and shall exercise no jurisdiction on matters other than those specifically provided by this Constitution or by general law.” Miss. Const, art. 6, § 146. The statement that this Court “shall have such jurisdiction as properly belongs to a court of appeals” should not be construed over broadly as giving us some type of inherent, appellate authority. This Court interpreted similar language found in Article 4, Section 4, of the Constitution of 1832, as meaning simply that the framers purposed to establish an appellate tribunal. Dismukes v. Stokes, 41 Miss. 430, 432-33, 1867 WL 2306 at *1 (Miss. Err. & App.1867). The Dismukes Court went on to explain that the determination of what matters “properly belong” to such appellate tribunal “depend[s] on general considerations of public policy, which, for the most part, must be determined by the [Legislature, subject to such restrictions on their general powers as are contained in the [Cjonstitution.” Id. at 433. Section 146 affirms and strengthens this notion. Unlike any provision within the Constitution of 1832, Section 146 expressly limits our jurisdiction to those matters specifically provided by the Constitution or by “general law.” Miss. Const, art. 6, § 146. The term “general law” undoubtedly means legislative acts, as evidenced by the very next sentence of Section 146, which states that “[t]he Legislature may by general law ...” give this Court jurisdiction over certain types of cases. Miss. Const, art. 6, § 146 (emphasis added).
¶ 46. Dismukes affirms the Legislature’s authority to limit this Court’s jurisdiction. The appellants in that case attempted to appeal the circuit court’s af-firmance of a decision by the county’s board of police. Dismukes, 41 Miss. at 432. The appellee, however, sought to dismiss the appeal because a certain statute in effect at that time made the judgment of the circuit court final, thus negating a right to appeal. Id. The ap *545 pellants contested that this statute was unconstitutional because it denied them a right to appeal to this Court (then known as the High Court of Errors and Appeals). Id. This Court upheld the statute and found that, as a general rule, “the [Ljegislature has the power to deny the right of prosecuting ... an appeal in this court, in any particular case, and that a rule so enacted will be conclusive of the question of jurisdiction, unless it be in contravention of a positive right_” Id. at 434. Significantly, the Court added that nothing is “more clearly within the legislative power over matters pertaining to public policy, than the question, in what cases and to what courts shall a party be entitled to an appeal. ...” Id. at 433-34.
¶ 47. In sum, determinations concerning the right to appeal and the jurisdiction of this Court belong to our constitution and to the Legislature.
III. The Supreme Court of the United States has held that statutes like the three-court rule do not violate the Equal Protection Clause of the Fourteenth Amendment, and this Court has held specifically that the three-court rule does not deprive litigants of equal protection under the laws.
¶ 48. Although the majority strikes down the three-court rule on the grounds of separation of powers, there are equal-protection undertones in its opinion as well. Underlying this entire controversy is the idea that the three-court rule is unfair to litigants who reside in one of the twenty counties that feature a county court. Why should those litigants’ right to appeal be any different from litigants who reside in one of the sixty-two counties that do not have a county court? Yet these distinctions are legally valid under the Equal Protection Clause.
¶ 49. Back in 1931, this Court held that the three-court rule does not deprive litigants of equal protection under the law. Worley, 161 Miss. 330, 135 So. 348. Wor-ley admittedly lacks much in-depth analysis on the subject. But the Supreme Court of the United States has spoken more thoroughly and authoritatively to the issue.
¶ 50. In Lewis, the Supreme Court addressed a constitutional challenge to Missouri state law which granted its citizens the right to appeal to the state supreme court from any circuit court, but refused this right to citizens of one municipality and four counties. Lewis, 101 U.S. at 29. For those particular localities, the Missouri Constitution established a separate court of appeals. Id. An appeal was allowed from that court of appeals to the state supreme court only if the amount in controversy exceeded a certain amount and the case involved certain subject matter. Id. Appellants challenged that these laws violated the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution because it denied litigants in those particular localities a right to seek redress in the state’s highest court. Id. The Supreme Court found no merit in this argument. Id. at 29-33. The Court held that states have the “undoubted power” to regulate the jurisdiction of their own courts and to prescribe differences based on locale, including variations with regard to the finality of decisions. Id. at 30-33.
[The Fourteenth Amendment] contemplates persons and classes of persons. It has not respect to local and municipal regulations that do not injuriously affect or discriminate between persons or classes of persons within the places or municipalities for which such regulations *546 are made. The amendment could never have been intended to prevent a [s]tate from arranging and parcelling out the jurisdiction of its several courts at its discretion.... It is the right of every State to establish such courts as it sees fit, and to prescribe their several jurisdictions as to territorial extent, subject-matter, and amount, and the finality and effect of their decisions, provided it does not encroach upon the proper jurisdiction of the United States, and does not abridge the privileges and immunities of citizens of the United States, and does not deprive any person of his rights without due process of law, nor deny to any person the equal protection of the laws, including the equal right to resort to the appropriate courts for redress. The last restriction, as to the equal protection of the laws, is not violated by any diversity in the jurisdiction of the several courts as to subject-matter, amount, or finality of decision, if all persons within the territorial limits of their respective jurisdictions have an equal right, in like cases and under like circumstances, to resort to them for redress.... As respects the administration of justice, [each state] may establish one system of courts for cities and another for rural districts, one system for one portion of its territory and another system for another portion. Convenience, if not necessity, often requires this to be done, and it would seriously interfere with the power of a [sjtate to regulate its internal affairs to deny to it this right. We think it is not denied or taken away by any thing in the Constitution of the United States, including the amendments thereto.
Lewis, 101 U.S. at 30-31.
¶ 51. Thus, according to Lewis, states may limit appellate review based on locale so long as the law applies equally to every person within that particular area. Id. at 30-33. Because the three-court rule applies equally to every person within the twenty counties that it affects, the rule does not offend the Equal Protection Clause. There is, of course, the possibility that distinctions like those made by the three-court rule could be aimed at, or have the effect of, discriminating against a certain class or race. See id. at 32. I fail to see how that could be the case here, considering that the counties with county courts have diverse demographics and that those counties are spread across different parts of the state.
¶ 52. I find no legal basis to conclude that the three-court rule deprives litigants of equal protection under the law.
IY. Because the three-court rule does not violate any constitutional rights and, because of this Court’s longstanding recognition and application of the rule, the Court should adopt the rule as its own.
¶ 53. Even if I am wrong and the three-court rule does in fact violate the separation-of-powers doctrine, I am convinced that we should nevertheless uphold the statute, because it does not violate anyone’s constitutional rights and because of this Court’s longstanding recognition of the rule.
¶ 54. Our separation-of-powers framework is not so rigid that it requires us to strike down every statute that arguably encroaches upon this Court’s rule-making turf. Hall v. State, 539 So.2d 1338, 1346 n. 20 (Miss.1989). Certainly, we are obligated to correct legislative encroachments when “the decades have evidenced a constitutional impingement, impairing justice .... ” Newell v. State, 308 So.2d 71, 78 (1975). But otherwise, we should give deference to legislative expressions not out of *547 obligation or accession to authority, but out respect for the Legislature as “as that branch of government closest to the people whom all branches have been created to serve.” Hall, 589 So.2d at 1346 n. 20. Even Newell — the landmark case in which this Court first asserted its inherent rule-making power — recognized the need for some level of deference: “[W]e hasten to say that as long as rules of judicial procedure enacted by the legislature coincide with fair and efficient administration of justice, the Court will consider them in a cooperative spirit to further the state’s best interest....” Newell, 808 So.2d at 78.
¶ 55. We may choose to adopt legislative rules as our own where the invasion is minor, where the Legislature has acted within its authority, and where this Court has followed the rule for many years. See Haralson v. State, 308 So.2d 222, 223-224 (Miss.1975); Hall v. State, 539 So.2d 1338, 1346 n. 20 (Miss.1989). Each of those criterion are satisfied here. As already discussed, the Legislature acted within its authority to pass the three-court rule. Moreover, this Court has invoked that rule to dismiss appeals since at least 1931. Williams v. State, 160 Miss. 489, 135 So. 199 (1931). Perhaps most importantly, the three-court rule’s invasion, if there be any, is minor. The rule does not infringe upon anyone’s constitutional rights. As set forth above, the limitation prescribed by the three-court rule does not deprive anyone of equal protection under the law. Nor is the rule manifestly unjust. It permits appellate review by the circuit court, and it does not completely foreclose review by this Court. This is evidenced by the fact that we are considering this very case. The rule provides that a circuit judge or a justice may “allow” an appeal where the case involves a constitutional question. Miss.Code Ann. § 11-51-81 (Rev.2002). To that end, the rule is pragmatic and efficient. It preserves judicial resources, but at the same time, gives us discretion to apply those resources when needed to address issues of fundamental importance.
¶ 56. Just because we may have the right or the power to strike down the three-court rule as an encroachment on our rule-making authority does not mean we should do so. Indeed, “a branch of government could be commended for not insisting on exercising its full range of power.” Wolfe, 799 So.2d at 149 (Southwick, P.J., concurring). I see no harm in us adopting and continuing to follow a rule which does nothing to impair justice.
CONCLUSION
¶ 57. I would prefer that we not address the constitutionality of the three-court rule, because it was not raised at trial or on appeal. Nevertheless, I believe that the Legislature had the right to enact the rule. Even if it did not, I maintain that this Court should adopt the rule as its own.
¶ 58. For these reasons, I respectfully concur in part and in result.
RANDOLPH AND LAMAR, JJ., JOIN THIS OPINION.