NEW ORLEANS & N. E. R. Co. *v*. CATTS.

[68 South. 483.]

APPEAL AND ERROR. *Notice to stenographer. Time of filing.*

Under chapter 111, Laws 1910, amending Code 1906, section 797 "a," providing, that in all cases in which the evidence is noted by the official stenographer, any person desiring an appeal shall notify the stenographer in writing within thirty days of the adjournment of court of the fact that a copy of the notes is desired, and further providing for the filing with the clerk, a copy of the notice to the stenographer with a statement of how the

notice was served. The notice to the stenographer must be served by twelve o'clock at night of the thirtieth day, but the copy of the notice and the statement as to how the notice was served need not be filed with the clerk until afterwards.

APPEAL from the circuit court of Jones county.

HON. P. B. JOHNSON, Judge.

Suit by S. J. Catts against the New Orleans & North Eastern Railroad Company. From a judgment for plaintiff, defendant appeals. On motion to strike from the record the transcript of the stenographer's notes and to dismiss. Motion denied.

The facts are fully stated in the opinion of the court.

*Halsell & Welch,* for the motion.

This case falls squarely within the rule announced by the court in the very recent case of *Yazoo & Mississippi Valley Railroad Company* v. *Dampeer,* 66 So. 814. We submit that the motion should be sustained.

*A. S. Bozeman* and *R. H. & J. H. Thompson,* opposed.

There is no provision in chapter 111 of the laws of 1910 requiring a notice to the stenographer to be filed within any specified time, and where the stenographer's report of the evidence (called notes) is not agreed to, or where objection is made to its being filed at all, in this case, the notice to the stenographer may be filed in the court below at any time, and it is required to be filed only that it may be made a part of the record so that this court may be advised that the notice was properly and seasonably given.

There is nothing in the case cited by counsel for appellee. *Richman* v. *Enochs,* 67 So. 649, to warrant the court in sustaining the pending motion. On the contrary, that case supports our view that the stenographer's report of the testimony, or notes, has become a part of the record in this case by operation of law.

Paragraph D of section 797, as amended by chapter 111 of the laws of 1910, is as follows:

"Provided notice as above is given to the stenographer by the appellant or his counsel within thirty days after the conclusion of the term of court, no stenographer's transcript of his notes shall be stricken from the record by the supreme court, for any reason, unless it be shown that such notes are incorrect in some material particular, and then only in cases where such notes have never been signed by the trial judge, nor been agreed on by the parties, nor become a part of the record by operation of law."

Two things in particular are to be noted. The statute does not provide that the transcript of the stenographer's notes may not for any reason be stricken from the record, provided that notice given the stenographer has been filed in the record of the case within thirty days or within any other time. The proviso is conditioned upon one fact only, and that fact is that the notice should be given the stenographer within thirty days after the conclusion of the term of court.

Counsel for appellee do not, either in the motion or in their brief, anywhere suggest that the stenographer's report of the testimony, or notes, are incorrect in any particlular.

This motion presents but one question. Does the failure of an appellant to have a copy of the notice, required to be given the stenographer under the statute, filed within thirty days, or any other number of days, after the adjournment of the court, ending the term at which the case was tried, authorize this court to strike from the record the stenographer's report of the testimany? We think not.

The notice must be given the stenographer within the thirty days, because the statute so provides, but the statute does not require that the notice or a copy of it shall be filed in the trial court within thirty days or any other time; and this court surely will not add to the statutory requirements in this regard. The statute is

clear that this court shall not strike, for any reason, if the notice were given within the thirty days. Nothing is said in its proviso about the filing of the notice, and the statute forbidding the striking from the record of the stenographer's report, or notes, is not conditioned on filing of the notice; it is conditioned on but one (not two or more) facts, the giving of the notice. To strike because the notice was not filed would be to strike for a reason not mentioned in the statute, and, therefore, to violate the statute.

We respectfully submit that the motion should be overruled.

STEVENS, J. delivered the opinion of the court.

The only question of interest presented by this motion is whether, under section 797 (a), chapter 111, Laws 1910, a person desiring to appeal is required to file with the clerk of the court a copy of the notice served on the stenographer "within thirty days of the adjournment of court." The statute in question provides that notice in writing shall be given and served on the stenographer within the thirty days, and also provides:

"In either case the attorney making the request shall file with the clerk of the court a copy of the notice with a statement as to how the notice was served."

The record in this case shows that appellant did "notify the stenographer in writing within thirty days of the adjournment of court of the fact that a copy of the notes" was desired, but a copy of this notice was not filed with the clerk until long after the expiration of the thirty days. The statute does not, in express terms, limit the time in which "a copy of the notice with a statement as to how the notice was served" shall be filed with the clerk, and the filing beyond thirty days of the adjournment of court is sufficient. The statute gives the appellant, in any case, until midnight of the thirtieth day to serve the notice on the stenographer, and in fil-

ing a copy he is also required to file "a statement of how the notice was served." This statement must, of necessity, be prepared after the notice has in fact been served; and if the appellant elects to wait or is prevented from serving the notice until the close of the last day allowed, then the statement could not be filed within the thirty days. This entire statute in reference to stenographer's notes should be liberally construed in aid of litigants prosecuting in good faith appeals to this court, and in effectuating the manifest scheme and purpose of the act to enable the supreme court to exercise its constitutional appellate jurisdiction.

*The motion is therefore overruled.*

SMITH, C. J. (concurring).

I do not think the provision of the statute here in question is one which calls for the application of any rule of construction, it being plain, unambiguous, and easily understood; and, in my judgment, that it does not require the notice served on the stenographer to be filed with the clerk "within thirty days of the adjournment of court" is not open to even the suggestion of a doubt.