BUCHANAN *v.* SUNFLOWER COMPRESS CO.

[84 South. 691, In Banc. No. 21267.]

APPEAL AND ERROR.    *Statement as to service of notice to transcribe stenographer's notes may be filed after thirty days from adjournment.*

Under chapter 111, Laws of 1910 (Hemingway's Code, section 582), providing that a person desiring to appeal shall notify the stenographer in writing within thirty days after the adjournment of court that a copy of his notes is desired, and that a copy of this notice with a statement as to how it was served shall be filed with the clerk of the court, the statement as to how the notice was served may be filed after the expiration of thirty days from the adjournment of court.

APPEAL from the circuit court of Sunflower county.
HON. H. H. ELMORE, Judge.

Action between George Buchanan and the Sunflower Compress Company. Judgment for the latter, and the former appeals. Motion by appellee to strike the stenographer's transcript of the evidence from the record overruled.

*Everett & Hairston,* for appellant.

As shown by the transcript of the record, attorneys for the appellant, by letter bearing date October 31, 1919, addressed to H. B. Levy, Court Reporter, Lexington, Mississippi, requesting him to file a transcript of the record in this case stating that it was their intention to appeal it to the supreme court. On the bottom of the letter appears the following signed and dated certificate:. "A true copy, to the circuit clerk of Sunflower county. Miss J. M. Hairston, attorney, Oct. 31, 1919." The letter with the above indorsement, was marked filed by the clerk on October 31, 1919. The

words: "A true copy" if they mean anything, certainly mean what they attempt to say, which in this case is that the instrument speaks for itself and is all that it purports to be and is a duplicate in every sense of the word of the original which the certificate says it is a copy of. Then we have in due form a letter addressed, dated, worded and signed that speaks for itself so plainly that no point is raised as to what is this letter. Then to hold that the certificate did not say, and carry the information, that this was a copy of a letter mailed in the only postoffice in the town, with the proper postage necessary to carry the letter to its destination and there to be delivered to the address as is usual and customary in handling the government's mail, would not, in our opinion, sustain the opinion handed down in *New Orleans & N. E. R. R. Co.* v. *Catts,* 109 Mississippi Reports, page 340, as that opinion concludes as follows: "This entire statute in reference to stenographer's notes should be liberally construed in aid of litigants prosecuting, in good faith, appeals to this court and in effecting the manifest scheme and purpose of the act to enable the supreme court to exercise its constitutional appellate jurisdiction." The chief justice especially concurring as follows: "I do not think the provision of the statute here in question is one which calls for the application of any rule for construction, it being plain, unambiguous, and easily understood; and, in my judgment, that it does not require the notice served on the stenographer to be filed with the clerk "within thirty days of the adjournment of court" is not open to even the suggestion of doubt."

There is nothing in the case cited by counsel for appellee, *Richman* v. *Enochs,* 109 Miss. 14, to warrant the court in sustaining the pending motion, for in that case notice was not given the stenographer to transcribe his notes until more than fifty days had elapsed since the adjourning of the court in which the case was tried. In

the case at bar the notice was given promptly and a copy was filed with the clerk on the very day the notice was given the stenographer, and the date of the notice and the date of the filing shows that less than thirty days had elapsed since the very beginning of the court term at which this case was tried.

The stenographer's report of the testimony, or notes, has become a part of the record in this case by operation of law. See section 585 of Hemingway's Annotated Mississippi Code. We respectfully submit that the motion should be overruled.

*Neill & Clark* and *Chapman & Johnson,* for appellee.

The notice of the attorneys for the appellant to the stenographer that a copy of his notes is desired is shown at page 15 of the transcript of the record. A copy of the notice was filed with the clerk, but there is no statement as to how the notice was served, nor when it was given.

For the stenographer's notes to become a part of the record, the statute providing that they shall become a part of the record must be strictly followed, and until the provisions of the statutes have been complied with, the stenographer's notes are not a part of the record, and will be stricken out on motion.

One desiring to appeal a case in which the evidence is noted by the official stenographer, must notify the stenographer in writing that a copy of his notes is desired; the notice must be handed to the stenographer personally or mailed to him at his usual place of abode; and there shall be filed with the clerk of the court a copy of the notice, with a statement as to how the notice was served. All of this is a prerequisite essential to making the stenographer's notes a part of the record. No one part of the statute can be waived or disregarded any more than can any other part. If the

attorney making the request to the stenographer does
not file with the clerk of the court a copy of the notice,
with a statement as to how the notice was served, then
notice has not been given to the stenographer as re-
quired, by law.   See sections 582 and 585 of Heming-
way's Annotated Mississippi Code; *Richmond* v.
*Enochs,* 109 Miss. 14, and the cases cited in the brief
of the attorneys for the motion therein.

Counsel for the appellee were given no opportunity
to examine the stenographer's notes, or the record, and
the notes have never been approved by them, and there
is endorsed on the transcript of the stenographer's
notes neither the approval of counsel for the appellee,
nor an agreement that it shall constitute a part of the
record.

As shown by the transcript of the record, the attor-
neys for the appellant, by letter bearing date October
31, 1919, addressed to H. B. Levy, court reporter, Lex-
ington, Mississippi, requested him to file a transcript
of the record in this case, stating that it was their in-
tention to appeal it to the supreme court.   On the bot-
tom of the letter is endorsed: "True copy to the cir-
cuit clerk of Sunflower county, Miss.," which is signed
by J. Hairston, attorney; the copy appears to have
been filed in the office of the circuit clerk on October
31, 1919.   There is nothing of record to show whether
this notice was handed to the stenographer personally,
or mailed to him at his usual place of abode, or that the
notice was given within thirty days of the adjournment
of court, or in fact, that it was given to him at all.   The
certificate of the stenographer to his notes is dated
February 21, 1920, and the notes were received and
filed in the office of the circuit clerk on February 26,
1920, about four months after the adjournment of the
term of court at which the judgment was rendered.   The
stenographer did not file his notes within sixty days of
the date of the notice, and it appears from the record

that there was no extension of time. It will not be pre-sumed that the notice was given to him within thirty days, as required by the statute nor, in fact, that notice was ever given to him; that the notes were filed does not prove that notice was given to him nor does it raise such a presumption. *Lee Line Steamers* v. *American Export Company,* 109 Miss. 524; *White et al* v. *Board of Supervisors of Scott County,* 83 So. 611.

Evidence to show that the stenographer was notified within thirty days of the adjournment of court to transcribe his notes is the statement of the attorneys for the appellant filed with the clerk as to how the notice was served; there is no statement in this case as to how the notice was served, and there is no evidence in the record as to how the notice was served, or that it was served; the evidence is not only insufficient, but there is absolutely no evidence, to show that written notice was given to the stenographer within thirty days after the adjournment of the term of court at which the judgment was rendered, or that notice was ever given.

There being no evidence that notice to the stenographer was given within the thirty days required by the statute, or that notice was ever given to him and no such presumption being indulged by the court, it necessarily follows that the stenographer's notes are not properly a part of the record in this case, and should be stricken therefrom.

SMITH, C. J., delivered the opinion of the court.

This cause comes on to be heard on a motion by the appellee to strike the stenographer's transcript of the evidence from the record. This transcript has not been approved either by the trial judge or by agreement of counsel, but there is no claim on the part of the appellee that the transcript is incorrect in any material particular; the ground of the motion being that it does not appear from the record that the notice required by

the statute (Hemingway's Code, section 582) was given the stenographer to transcribe his notes of the evidence. The statute required the notice to be "handed to the stenographer personally, or mailed to him at his usual place of abode," and that a copy of this notice shall be filed with the clerk of the court in which the case was tried "with a statement as to how the notice was served." There appears in the record a copy of a letter from counsel for the appellant addressed to the stenographer requesting him to transcribe and file his notes of the evidence, but there is not appended to, it, and when this motion was filed the record did not contain a statement as to how this notice was served. After the filing of this motion to strike the stenographer's notes from the record counsel for the appellant filed with the clerk of the court below a statement setting forth that the letter to the stenographer hereinbefore referred to was placed in an envelope, properly addressed to H. B. Levy, court reporter, at Lexington, Holmes county, Miss., his home, stamped with a two-cent postage stamp, and duly mailed in the United States post office at Indianola on the said 31st day of October, 1919.

The date of the mailing of this notice was within the time required for the giving thereof, but this time had long since expired when the statement showing how it was served was filed.

The statute does not require the notice to the stenographer to be filed with the clerk of the trial court within thirty days after the adjournment of court. Consequently it can be filed at any time thereafter. *N. O. & N. E. R. R. Co.* v. *Catts,* 109 Miss. 340, 68 So. 483. If the notice can be filed after the expiration of the thirty days, it necessarily follows that the statement setting forth the manner of its service can also be filed thereafter, and, since this statement has now been filed, the motion will be overruled.

*Overruled.*