## Miller Transporters, Ltd. *v.* Johnson

No. 43405 March 8, 1965 172 So. 2d 542

*Warner Beard, Jr.,* Laurel, for appellant.

*Gartin, Hester & Pickering, Kenneth E. Bullock, Robert E. Husband,* Laurel, for appellee.

ETHRIDGE, J.

For purposes of this immediate decision, there is involved here the interpretation and application of the statute on designation of appellate records. Miss. Code Ann. § 1640 (Supp. 1962). It originated with Mississippi Laws 1962, chapter 305, with a minor amendment in Mississippi Laws 1964, chapter 325. We hold that appellant's designations of record were in compliance with the statute and the record is properly before the Court for decision on the assigned errors, although appellee made no counter designations and the entire record is not here. However, because the new act involves substantial changes from former procedures and this is the first decision on it, appellee and appellant are authorized to make additional designations for a supplemental record and to file supplemental briefs, if they wish.

I.

The title of the act is one "To Provide for a Designation of the Contents of Record on Appeal and To Provide for Abridging the Record by Omitting Irrelevant Matter." Miss. Laws 1962, ch. 305. It provides that a

person desiring to appeal must notify the court reporter in writing within ten days after adjournment of court. The attorney making the request ''shall file with the clerk of the court a copy of the notice, with a statement of how the notice was served, and a copy thereof shall in like manner be served upon appellee's attorney, and the said notice shall designate the portions of the record, proceedings, testimony and evidence to be contained in the record of appeal.'' Miss. Laws 1964, ch. 325. Within twenty days after the service and filing of such designation and notice, the appellee ''may in like manner serve and file a designation of additional portions of the record, proceedings, testimony and evidence to be included.'' Within ten days thereafter, appellant may file a rebuttal designation of additional portions of the record. ''The appellant and appellee shall state in their respective designation(s) that part of the clerk's record and reporter's transcript . . . they desire to be transcribed and included in the record and that part that might be omitted altogether.'' Subsection (d) provides, ''All pleading, process, and testimony of witness, not essential to the decision of the questions presented by the appeal shall be omitted unless specified to be included in the notices and designations aforesaid.'' The clerk is required to ''omit such pleading, process, and other documents, except as designated in the notice aforesaid . . . .''

Mrs. Due Ray Johnson, appellee, obtained a judgment in the Circuit Court of Jones County, Second Judicial District, against appellant, Miller Transporters Ltd., for personal injuries received by her in a collision between her husband's truck and a Miller truck, allegedly as a result of Miller's negligence.

Counsel for Miller made a designation of record to the court reporters, requesting transcription of the testimony of Mr. and Mrs. Johnson, two doctors who testified in her behalf, and three asserted eyewitnesses to the collision who testified for defendant, and stating that

the reporters could omit the testimony of all other witnesses. Miller also made a designation of record to the circuit clerk, requesting inclusion of the declaration, answer and amended answer, motions, instructions given by the court to the plaintiff, motion for a new trial and the order overruling it (erroneously omitted by the clerk). The clerk was requested to omit the summons, and other immaterial matters. This designation did not refer specifically to the verdict of the jury and judgment of the circuit court. Counsel for appellee, Mrs. Johnson, made no designation of anything in the record.

This case was argued and submitted on the merits February 15, 1965. Appellant contends that the trial court erred in granting plaintiff three instructions; the verdict on liability was against the great weight of the evidence; and the amount of the verdict was grossly excessive. We do not consider or decide these issues at this time, in view of the order which is being entered.

On October 5, 1964, this Court overruled appellee's motion to withdraw the record for the clerk to ''correct'' it, on the ground (among others) that it was not prepared in accordance with appellant's designations. This apparently referred to the failure to designate the verdict and judgment.

Appellee does not argue in her brief the merits of the points presented by Miller. She contends that appellant may not assert that the verdict of the jury is against the great weight of the evidence or that the damages awarded are grossly excessive, unless all of the testimony presented to the jury is in the appeal record; and that an appellant may not assert errors in instructions granted appellee, unless all of the instructions given are in the appellate record, by designation of appellant. Appellee relies upon an alleged presumption that the omitted evidence would support the verdict and judgment, and that the omitted instructions would cure those

granted appellee, if they were error. It is said the Court must presume that the omitted testimony and instructions were sufficient to support the verdict and instructions granted. Accordingly, relying on this presumption, and without arguing the merits of the appeal on the present record, appellee says the judgment should be affirmed. Although appellee mentions the amendments to Code section 1640, she does not seek to interpret or explain their effects.

## II.

■■ ■ The right to appeal is a statutory privilege, granted and defined by the legislature. Under Code section 1640, both parties have a duty to designate that part of the record which they consider "essential to the decision of the questions presented by the appeal." ■■ ■ This duty must be exercised fairly, reasonably, and in good faith by both appellant and appellee. ■■ ■ The entire burden and risk of an insufficient designation cannot be put upon appellant alone, by the use of a presumption that assigned errors will be cured by other evidence not designated. ■■ ■ Hence the statute provides that appellee "may" make his own designations within twenty days after appellant has done so. This phrase, in this context, reflects a legislative intent that appellee must make designations, if he thinks appellant's selections are inadequate. This is a reciprocal duty of the appellee, which also must be exercised fairly, reasonably, and in good faith.

■■ ■ Where an appellant has made an apparently sufficient, good-faith designation of the record, on the issues which he thinks are essential for decision of the appeal, it then becomes appellee's duty to make counter designations, which in his opinion would develop any additional evidence pertinent to the appeal. ■■ ■ Appellant's motions in the trial court for a directed verdict, or to exclude the evidence and render judgment for

him, and appellant's motion for a new trial, and for judgment notwithstanding the verdict, together with appellant's designations of record on appeal, should sufficiently identify the issues which appellant will raise in this Court, and should enable appellee to make adequate counter designations.

 There may arise cases where an appellant does not make his designations of record fairly and in good faith. For example, this might occur if an appellant does not designate any of the testimony, although he is contending the evidence is insufficient to support the verdict; or he might choose only testimony offered in his behalf. However, nothing of that sort occurred in the instant case. ██ █ Appellant designated the testimony of plaintiff, her husband who occupied the truck with her and was driving it, and two doctors who testified for plaintiff; three asserted eyewitnesses who testified for defendant; and all of the instructionn granted plaintiff.

Appellee made no counter designation. She simply argues there is a presumption that assigned errors will be cured by other evidence and instructions not designated. However, application of a presumption of this sort would in fact emasculate Code section 1640, which creates a method for both parties to designate the contents of the record on appeal, limited to material essential for deciding the issues. The statute was enacted to save useless costs and to bring the record on appeal within the compass of its real issues, instead of permitting it to sprawl extravagantly and unnecessarily over hundreds and sometimes thousands of pages. The legislature evidenced a proper regard for the interests of litigants and a desire to save the Court from unnecessary consumption of time, by the practice of dumping into a record unnecessary papers and cumulative, irrelevant evidence. This practice often results in making the cost of litigation prohibitive to a man of moderate

means. It may impede the efficient administration of justice.

Section 1640 is the result of recommendations made to the Legislature by the Mississippi State Bar, and of careful studies of appellate records made by the Judiciary Committees of both Houses of the Legislature. It is based in part on Federal Civil Procedure Rule 75. Failure of appellee to follow the prescribed procedure for obtaining the record precludes him from questioning its composition. Bullen v. De Bretteville, 239 F. 2d 824, 835-836 (9th Cir. 1956), *cert. denied,* 353 U.S. 947, 77 S. Ct. 825, 1 L. Ed. 2d 856 (1957); Associated Indem. Corp. v. Manning, 107 F. 2d 362 (9th Cir. 1939); Sonken-Golamba v. Atchison T. & S. F. Ry., 36 F. Supp. 909 (D. C. Mo. 1941); 3A Barron and Holtzoff, Federal Practice and Procedure §§ 1586-1587 (1958); Moore, Federal Practice § 75.04 (2d ed. 1955).

In the instant case, appellant complied with the statute by making good-faith designations of the appeal record. There is no presumption that assigned errors would be cured by other evidence or instructions not designated by appellant. The statute changed that. Appellee had the corresponding duty of making counter designations of record. She did not do this, and her failure to make counter designations constitutes an implied agreement by appellee, or at least appellee would be estopped to deny, that appellant's designations are sufficient. We hold that appellant complied with the terms of Code section 1640, and that the record is properly before this Court for review.

Appellee's motion to strike certain portions of the record is sustained in part, as to order overruling motion for change of venue, plaintiff's refused instructions, and all defendant's instructions. None of these were designated by appellant, but in fact were excluded by it. The motion is overruled in part, insofar as it applies to the verdict of the jury and the judgment of

the trial court. Appellant's designation did not specifically refer to them, but they are properly in the record. We hold that the verdict and judgment are essential parts of the record on appeal, which in every case the clerk should send to this Court, whether or not designated by the parties. That essentially was the holding in Bush Construction Company v. Walters, 160 So. 2d 218 (Miss. 1964), in which appellant's designation did not refer to the judgment, but it was brought up on writ of certiorari. See Miss. Code Ann. § 1959 (1956); Barron and Holtzoff, *supra*, § 1587; Moore, *supra*, § 75.15.

### III.

In summary, we hold that the record in this case is in proper shape for this Court to review the appeal on the merits, for alleged errors in instructions granted plaintiff, and the sufficiency of the evidence on liability and damages, where appellant complied with the designation of record statute, and the appellee elected to make no additional designations. The verdict of the jury and final judgment of the circuit court are properly in the record, placed there by the clerk, since these are essential parts of every appeal record, whether or not designated by the parties. Appellee's motion to strike certain portions of the record is sustained in part, as to portions not designated by appellant, but is overruled as to the verdict and judgment.

This is the first opinion of this Court interpreting and applying Code section 1640 on designation of appeal records. Prior to this act the entire record in the trial court (with minor exceptions) was transmitted to the Supreme Court for review. The 1962 statute made substantial changes in the methods of formation of the record, and in the responsibilities of counsel for both appellant and appellee in selection of relevant portions of the record. The legislative intent and the prescribed procedures are not ambiguous. However, we cannot say

that counsel for appellee had no rational basis for their erroneous reliance on a presumption of correctness where all of the record is not present. The purpose of rules of procedure is not only efficiency, but fairness in the administration of justice.

 Because of the newness of this statutory method of formulation of an appeal record, and because this is the first definitive interpretation of section 1640, we think it fair and just that appellee, with the above holdings in mind, should have a reasonable opportunity to designate such additional portions of the record, proceedings, testimony and evidence as she thinks proper. Accordingly, an order will be entered allowing appellee twenty days after this date, March 8, 1965, within which, in accordance with the provisions of section 1640 as amended, she may file with the court reporter and circuit clerk a notice and designation of such additional portions of the record, proceedings, testimony and evidence, if any, as appellee desires to be included in a supplemental record to be filed in this Court. Within ten days thereafter, Miller may serve and file rebuttal notices and designations, if it wishes. If additional designations are made, this part of the record may be assembled in a separate bound volume, indexed and numbered separately from that already on file in this Court. In like manner, within twenty days from this date appellee may file an additional or supplementary brief, and within ten days thereafter, appellant may file a supplementary rebuttal brief.

The foregoing relaxation of the prescribed statutory procedures and rules of Court is in recognition of the unusual posture of this particular case. It is anticipated that henceforth the bar will take notice of the duties placed by the statute on counsel for both appellant and appellee for the proper formation of appeal records, as defined in this opinion.

Appellee's motion to strike portions of record sustained in part, and overruled in part; order entered adjudicating designated record properly before court on merits of appeal, but appellee and appellant given leave to file designations of additional portions of proceedings and evidence for supplementary record, and supplementary briefs.

*Lee, C. J., and Gillespie, Jones and Patterson, JJ.,* concur.