GILLESPIE, Presiding Justice.
MOTION TO STRIKE PORTION OF RECORD
Appellee recovered a judgment against appellant in the Circuit Court of Monroe County on March 31, 1967. On April 1, 1967, appellant’s attorney gave notice to the official court reporter and filed with the circuit clerk a copy of the notice with a statement as to how it was served. • The notice is as follows:
You are hereby notified and requested to transcribe your notes of all portions of *198 the record, proceedings, testimony and evidence and trial of the captioned styled and numbered cause, held in the Circuit Court of Monroe County, Mississippi, on March 31, 1967, which resulted in a jury verdict for the plaintiff against one of the defendants, Marcus M. Jones, for an appeal by the defendant, Marcus M. Jones, to the Supreme Court.
Within due time appellant perfected his appeal by filing a supersedeas bond, and the official court reporter prepared the transcript of the testimony and filed it with the circuit clerk. The clerk thereupon made up the record and included all portions of the record, proceedings, testimony and evidence.
When the case was docketed in this Court the appellee filed a motion seeking the following relief: (1) that the court reporter’s transcript of the testimony be stricken from the record on appeal because appellant’s attorney failed to serve upon appellee’s attorney a copy of the notice to the court reporter as required by Mississippi Code 1942 Annotated, section 1640 (19S6) and (2) that all portions of the record on appeal other than the court reporter’s transcript of the testimony, the verdict, and the judgment should be stricken from the record on appeal because appellant’s notice to the official court reporter designated only the notes of the court reporter to be included in the record. In addition, the clerk had no authority to include the other portions of the record and proceedings.
There is no showing that the ap-pellee has been prejudiced by the failure to serve upon appellee’s attorney a copy of the notice. Prior to the enactment of Chapter 305 of the Laws of 1962 Mississippi Code 1942 Annotated, section 1640 (1956) did not require that a copy of the notice be served upon appellee’s attorney. This requirement was first included in the statute by the 1962 amendment. The main purpose of this requirement was to give the appel-lee’s attorney notice so that he would have an opportunity to include in the record by designation anything omitted in the appellant’s designation as provided for in subsection (c) of the statute. Although ap-pellee argues to the contrary, we are of the opinion that the requirement as to service of a copy of the notice on appellee’s attorney is not jurisdictional, and absent prejudice is not sufficient ground to strike any part of the record. Cf. Buchanan v. Sunflower Compress Co., 122 Miss. 618, 84 So. 691 (1920); New Orleans & N. E. R.R. Co. v. Catts, 109 Miss. 340, 68 So. 483 (1915).
The motion to strike all portions of the record except the court reporter’s transcript and the verdict and judgment is overruled. The notice to the court reporter requested her to transcribe her notes “of all portions of the record, proceedings, testimony and evidence and trial of the captioned cause * * ' * for an appeal by the defendant * * * to the Supreme Court.” This is a paraphrase of part of section 1 (a) of the statute. The notice made no further designation as to what part of the clerk’s record and reporter’s transcript should be included in the record on appeal, nor did it state that any part might be omitted altogether.[1] *199 The notice did not provide for the omission of any part of the record and the notice did use the words of the statute requesting her to transcribe all portions of the record, proceedings, testimony and evidence. This was substantial compliance with the statute with reference to designation of the record.
The question of designating the record was considered in Ethridge v. Estate of Paul, 190 So.2d 451 (Miss.1966); Miller Transporters, Ltd. v. Johnson, 252 Miss. 244, 172 So.2d 542 (1965); and Fowler Butane Gas Company v. Parish, 254 Miss. 585, 175 So.2d 129, 181 So.2d 157 (1965). The Court has been reluctant to attach penalties for the failure of attorneys to strictly comply with the part of the statute concerning the designation of the record. We are not inclined to strike any portions of the record where there is a substantial compliance with the statute within the ten day time limitation, where there is no prejudice to the opposite party, and where the record is actually before the Court.
Both this Court and the Legislature favor hearing appeals on the merits despite defects in procedure. The public policy of the state is clearly announced by the Legislature in Mississippi Code 1942 Annotated, section 1959 (1956) which provides as follows:
An appeal to the Supreme Court shall not be dismissed for want of jurisdiction because of a defect in the application for appeal, or in the bond, or because of any failure by an officer to comply with the-requirements of law in reference to appeals; but all defects and irregularities may be cured by amendment, so as to perfect the appeal and obtain the judgment of the Supreme Court in the case; but the court may dismiss an appeal for a failure of the appellant to do, within a reasonable time, what may be necessary to perfect his appeal.
It should be noted that this statute is broad in its terms and is not limited to trivial defects and irregularities. It allows defects in the bond to be perfected notwithstanding the fact that the filing of the bond is the act which transfers jurisdiction from the trial court to this Court.
In earlier years this Court in a number of cases cited by the appellee applied a somewhat strict application of the notice provisions of section 1640. In later years the Court has not been inclined to apply this statute strictly. In Fishermen and Allied Workers etc. v. Quaker Oats, 235 Miss. 401, 106 So.2d 144, 109 So.2d 321 (1958), the Court held that giving notice to a former court reporter rather than to the court reporter who transcribed the notes at the trial was substantial compliance where the notice was communicated to the reporter and the notes were actually transcribed and filed in this Court. The court said:
Where a litigant in good faith, attempting to give the required notice within the time provided by law, mistakenly gets the wrong name of the reporter, but also files a copy thereof with the clerk, and the reporter obtains such notice that, with prompt dispatch, she makes up and files the transcript, the evidence will not be stricken for the highly technical reason that a mistake was made in the name of the court reporter. In such instances, the adversary party can, in no way, be prejudiced. 235 Miss. at 419, 106 So.2d at 145.
That case was decided before the 1962 amendment but it involved the notice to the court reporter and clearly indicates that this Court will not strike the transcript or other parts of the record where a substan *200 tial effort is made to comply with the statute within the statutory period of ten days.
In the recent case of First National Bank of Vicksburg v. Cutrer, 190 So.2d 883 (Miss.1966) the Court said:
Our cases are clear on the point that this Court will strike the transcript of the testimony whenever the appellant fails to give any notice within the prescribed ten day period, but will not strike the transcript where a substantial compliance with the statute is made by the appellant in good faith, before the expiration of the ten day period, and the testimony is in fact transcribed and filed. 190 So.2d at 886.
Motion to strike parts of record overruled.
All Justices concur.

. Subsections (a) and (c) of Section 1640 are as follows:
(a) In all cases in which the trial is noted by the official court reporter, any person desiring to appeal the case shall notify the court reporter in writing within ten (10) days after the adjournment of court of the fact that a copy of the notes is desired. The notice must be handed to the court reporter personally or mailed to him at his usual place of abode. In either case the attorney making the request shall file with the clerk of the court a copy of the notice, with a statement of how the notice was served, and a copy thereof shall in like manner be served upon appellee’s attorney, and the said notice shall designate the portions of the record, proceedings, testimony and evidence to be contained in the record of appeal.
(c) The appellant and appellee shall state in their respective designation *199 that part of the clerk’s record and reporter’s transcript of the testimony and evidence they desire to be transcribed and included in the record and that part that might be omitted altogether.