# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2012-KA-00466-SCT

*JOHN EDWARD WRENN*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/20/2012 |
| TRIAL JUDGE: | HON. GERALD W. CHATHAM, SR. |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | SIDNEY F. BECK, JR. |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: STEPHANIE B. WOOD |
| DISTRICT ATTORNEY: | JOHN W. CHAMPION |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | APPEAL DISMISSED - 09/19/2013 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, C.J., LAMAR AND PIERCE, JJ.**

**LAMAR, JUSTICE, FOR THE COURT:**

¶1.     John Edward Wrenn pleaded guilty to possession of a firearm by a convicted felon. Wrenn appeals from his conviction, alleging that: 1) Mississippi's concealed-weapon statute, Section 97-37-1, precludes his conviction; and 2) he was denied effective assistance of counsel. Because Wrenn's conviction is the result of a guilty plea, we dismiss this appeal.

FACTS

¶2.     John Edward Wrenn became a convicted felon on February 28, 1992.[1] On April 4, 2011, a Horn Lake police officer found a sawed-off shotgun in Wrenn's truck during a traffic stop.[2] A grand jury indicted Wrenn for violating Section 97-37-5 of the Mississippi Code, which prohibits a convicted felon from possessing a firearm.[3] Wrenn pleaded guilty to the charge on November 9, 2011, and the case was continued for sentencing at a later date. Prior to his sentencing hearing, Wrenn filed a motion to set aside his guilty plea. The trial court denied Wrenn's motion and sentenced him to serve ten years as an habitual offender.[4] Wrenn appeals from his conviction, alleging that Mississippi's concealed-weapon statute, Section 97-37-1, made his gun possession legal and claiming he did not receive effective assistance of counsel. The State responds that Wrenn's appeal should be dismissed because "entering a guilty plea waives the right to directly appeal a conviction."

## LAW AND ANALYSIS

¶3.     This Court has long recognized that "a litigant's right to an appeal is statutory and 'not based on any inherent common law or constitutional right.'"[5] Our "well-established caselaw

---

[1] Wrenn was convicted of grand larceny on February 28, 1992, and burglary on May 24, 2000.

[2] The Horn Lake police officer stopped Wrenn for driving under the influence.

[3] *See* Miss. Code Ann. § 97-37-5 (Rev. 2006).

[4] Wrenn was sentenced as an habitual offender under Mississippi Code Section 99-19-81.

[5] *Jones v. Ridgeland*, 48 So. 3d 530, 536 (Miss. 2010) (quoting *Fleming v. State*, 553 So. 2d 505, 506) (Miss. 1989)).

supports that a party has no right to appeal unless the Legislature gives such right by statute."[6] Section 99-35-101 of the Mississippi Code provides that "any person convicted of an offense in a circuit court may appeal to the Supreme Court" with the exception that, "where the defendant enters a plea of guilty and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed."[7] A criminal defendant may challenge a conviction in two ways: "(1) a direct appeal from a conviction, or (2) a proceeding under the Post Conviction Relief Act."[8] Because the right to appeal is a matter of legislative discretion, and no such right has been established when a conviction is the result of a guilty plea, a defendant challenging a conviction entered as result of guilty plea can do so only under the Post Conviction Relief Act.[9]

---

[6] *Jones*, 48 So. 3d. at 543 (Waller, C.J., concurring in part and in result). *See Marshall v. State*, 662 So. 2d 566, 568-71 (Miss. 1995) (stating that the "Legislature has plenary power over appeals where the Mississippi Constitution has not limited this power," and pointing out that the right to appeal is subject to legislative change); *Gill v. Miss. Dep't of Wildlife Conservation*, 574 So. 2d 586, 590 (Miss. 1990) (recognizing that "a party has no right of appeal except insofar as it has been given by law"); *Fleming v. State*, 553 So. 2d 505, 506 (Miss. 1989) (stating that "[a]n appeal is a matter of statutory right and not based on any inherent common law or constitutional right") (citing *Jones v. Barnes*, 463 U.S. 745, 751, 103 S. Ct. 3308, 3312-13, 77 L. Ed. 2d 987 (1983)); *Miller Transporters Ltd. v. Johnson*, 252 Miss. 244, 249, 172 So. 2d 542, 544 (Miss. 1965) (asserting that "[t]he right to appeal is a statutory privilege, granted and defined by the legislature").

[7] Miss. Code Ann. § 99-35-101 (Rev. 2007). *See Berry v. State*, 722 So. 2d 706, 707 (Miss. 1998) (stating the Mississippi Supreme Court "does not have jurisdiction on direct appeal when only a guilty plea is being challenged").

[8] *Fleming*, 553 So. 2d at 506.

[9] *Berry*, 722 So. 2d at 707 (Miss. 1998).

3

¶4. It is undisputed that Wrenn pleaded guilty to violating Section 97-37-5. As such, Wrenn cannot appeal his conviction directly. Therefore, we dismiss this appeal without reaching the merits of Wrenn's claims.

¶5. **APPEAL DISMISSED.**

**WALLER, C.J., RANDOLPH, P.J., PIERCE AND COLEMAN, JJ., CONCUR. DICKINSON, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY CHANDLER AND KING, JJ.; KITCHENS, J., JOINS IN PART. KITCHENS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY CHANDLER AND KING, JJ.; DICKINSON, P.J., JOINS IN PART.**

**DICKINSON, PRESIDING JUSTICE, DISSENTING:**

¶6. Justice Lamar is correct that Wrenn has no right to file a direct appeal. But all agree that Wrenn is entitled to appellate review of his claim that his guilty plea was the result of ineffective assistance of counsel. So I share Justice Kitchens's view that – in the interests of judicial economy and timely administration of justice – we should follow the Court of Appeals' lead in ***Ducote v. State***,[10] by simply treating Wrenn's appellate filing as a petition for post-conviction relief, rather than requiring him to refile the same papers with a different title. All the majority accomplishes today is to create unnecessary work for the Supreme Court Clerk, the circuit clerk, the defendant, and this Court.

**CHANDLER AND KING, JJ., JOIN THIS OPINION. KITCHENS, J., JOINS THIS OPINION IN PART.**

**KITCHENS, JUSTICE, DISSENTING:**

¶7. I respectfully disagree with the majority's dismissal of the appeal based on a rigid adherence to the legislature's limitation of our appellate jurisdiction. Miss. Const. art. 6 §

---

[10] ***Ducote v. State***, 970 So. 2d 1309, 1315 (Miss. Ct. App. 2007).

146 (vesting this Court with "such jurisdiction as properly belongs to a court of appeals"); Miss. Code Ann. § 99-35-101 (Supp. 2012) (prohibiting appeals "where the defendant enters a plea of guilty and is sentenced").[11] The issue before us is the trial court's denial of Wrenn's motion to withdraw his guilty plea, which unquestionably is a post-conviction matter. *See* Miss. Code Ann. § 99-39-5 (1)(g) (Supp. 2012) (listing as grounds for post-conviction relief a claim that the petitioner's plea was made involuntarily). Yet, the majority refuses to entertain the merits because Wrenn filed his motion before the formal judgment of conviction was entered by the trial court. The issue was presented to the trial judge, and the claim has been thoroughly considered and correctly rejected; thus, to dismiss the claim at this point, after an appellate record has been compiled and briefing has been completed, wastes judicial resources and creates unnecessary delay. In this instance, the majority allows Section 99-35-101 to become a procedural obstacle to a prompt resolution of issues properly before us. *See Jones v. City of Ridgeland*, 48 So. 3d 530, 537 (Miss. 2010) (finding the "three-court rule" in Mississippi Code Section 11-51-81 an unconstitutional infringement on this Court's power to promulgate rules of procedure and not a permissible legislative grant of jurisdiction). Accordingly, I would treat the motion to withdraw as a petition for post-conviction relief and

---

[11]Before 2008, Section 99-35-101 prohibited appeals "in any case where the defendant enters a plea of guilty." The Court of Appeals has interpreted "this new language in Section 99-35-101 as denying both the Mississippi Supreme Court and [the Court of Appeals] jurisdiction to hear direct appeals from the trial court involving the merits of a criminal defendant's guilty plea and/or the validity of a sentence imposed by the trial court based on that guilty plea." *Henderson v. State*, 89 So. 3d 598, 603 (Miss. Ct. App. 2011). This Court has acknowledged the amendment, but has not addressed whether Section 99-35-101 would invalidate this Court's determining that it has jurisdiction to consider direct appeals from the sentence, but not the guilty plea itself. *See Burrough v. State*, 9 So. 3d 368, 374 n.3 (Miss. 2009) (citing 2008 Miss. Laws, ch. 457, § 1 (effective July 1, 2008)).

5

affirm the trial court. *See **Ducote v. State***, 970 So. 2d 1309, 1315 (Miss. Ct. App. 2007) (holding that the trial court did not err in treating post-plea motion as a petition for post-conviction relief).

**CHANDLER AND KING, JJ., JOIN THIS OPINION. DICKINSON, P.J., JOINS THIS OPINION IN PART.**