LAMAR, Justice,
for the Court:
¶ 1. John Edward Wrenn pleaded guilty to possession of a firearm by a convicted felon. Wrenn appeals from his conviction, alleging that: 1) Mississippi’s concealed-weapon statute, Section 97-87-1, precludes his conviction; and 2) he was denied effective assistance of counsel. Because Wrenn’s conviction is the result of a guilty plea, we dismiss this appeal.
FACTS
1Í 2. John Edward Wrenn became a convicted felon on February 28, 1992.[1] On April 4, 2011, a Horn Lake police officer found a sawed-off shotgun in Wrenn’s truck during a traffic stop.[2] A grand jury indicted Wrenn for violating Section 97-37-5 of the Mississippi Code, which prohibits a convicted felon from possessing a firearm.[3] Wrenn pleaded guilty to the charge on November 9, 2011, and the case was continued for sentencing at a later date. Prior to his sentencing hearing, Wrenn filed a motion to set aside his guilty plea. The trial court denied Wrenn’s motion and sentenced him to serve ten years as an habitual offender.[4] Wrenn appeals from his conviction, alleging that Mississippi’s concealed-weapon statute, Section 97-37-1, made his gun possession legal and claiming he did not receive effective assistance of counsel. The State responds that Wrenn’s appeal should be dismissed because “entering a guilty plea waives the right to directly appeal a conviction.”
LAW AND ANALYSIS
¶ 3. This Court has long recognized that “a litigant’s right to an appeal is statutory and ‘not based on any inherent common law or constitutional right.’ ” [5] Our “well-established caselaw supports that a party has no right to appeal unless the Legislature gives such right by statute.” [6] Section 99-35-101 of the Mississippi Code provides that “any person convicted of an offense in a circuit court may appeal to the Supreme Court” with the exception that, “where the defendant enters a plea of guilty and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed.”[7] A criminal defendant may challenge a conviction in two ways: “(1) a direct appeal from *915 a conviction, or (2) a proceeding under the Post Conviction Relief Act.”[8] Because the right to appeal is a matter of legislative discretion, and no such right has been established when a conviction is the result of a guilty plea, a defendant challenging a conviction entered as result of guilty plea can do so only under the Post Conviction Relief Act.[9]
¶ 4. It is undisputed that Wrenn pleaded guilty to violating Section 97-37-5. As such, Wrenn cannot appeal his conviction directly. Therefore, we dismiss this appeal without reaching the merits of Wrenn’s claims.
¶ 5. APPEAL DISMISSED.
WALLER, C.J., RANDOLPH, P.J., PIERCE AND COLEMAN, JJ., CONCUR. DICKINSON, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY CHANDLER AND KING, JJ.; KITCHENS, J„ JOINS IN PART. KITCHENS, J„ DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY CHANDLER AND KING, JJ.; DICKINSON, P.J., JOINS IN PART.

. Wrenn was convicted of grand larceny on February 28, 1992, and burglary on May 24, 2000.

. The Horn Lake police officer stopped Wrenn for driving under the influence.

. See Miss.Code Ann. § 97-37-5 (Rev.2006).

. Wrenn was sentenced as an habitual offender under Mississippi Code Section 99-19-81.

. Jones v. Ridgeland, 48 So.3d 530, 536 (Miss.2010) (quoting Fleming v. State, 553 So.2d 505, 506) (Miss.1989)).

. Jones, 48 So.3d. at 543 (Waller, C.J., concurring in part and in result). See Marshall v. State, 662 So.2d 566, 568-71 (Miss.1995) (stating that the "Legislature has plenary-power over appeals where the Mississippi Constitution has not limited this power,” and pointing out that the right to appeal is subject to legislative change); Gill v. Miss. Dep’t of Wildlife Conservation, 574 So.2d 586, 590 (Miss.1990) (recognizing that "a party has no right of appeal except insofar as it has been given by law”); Fleming v. State, 553 So.2d 505, 506 (Miss.1989) (stating that "[a]n appeal is a matter of statutory right and not based on any inherent common law or constitutional right”) (citing Jones v. Barnes, 463 U.S. 745, 751, 103 S.Ct. 3308, 3312-13, 77 L.Ed.2d 987 (1983)); Miller Transporters Ltd. v. Johnson, 252 Miss. 244, 249, 172 So.2d 542, 544 (Miss.1965) (asserting that "[t]he right to appeal is a statutory privilege, granted and defined by the legislature").

.Miss.Code Ann. § 99-35-101 (Rev.2007). See Berry v. State, 722 So.2d 706, 707 (Miss.1998) (stating the Mississippi Supreme Court "does not have jurisdiction on direct appeal when only a guilty plea is being challenged”).

. Fleming, 553 So.2d at 506.

. Berry, 722 So.2d at 707 (Miss.1998).